George Bagdon, Appellant, *v.* Philadelphia and Reading Coal and Iron Company, Respondent.

Foreign corporations — designation of person as an agent upon whom process may be served (Gen. Corp. Law, § 16) — when plaintiff is a resident of this state process may be served upon such agent though cause of action arose out of transaction in another state.

Where a foreign corporation doing business in this state has designated a person as an agent upon whom process against the corporation may be served as provided in the statute (Gen. Corp. Law, § 16; Cons. Laws, ch. 23), the agency of such person is not limited to actions which arise out of business transacted in this state. Where the plaintiff is a resident of this state the service of a summons upon such agent for a cause of action arising in another state is valid and is not an invasion of the rights of the corporation guaranteed by the Federal Constitution. (*Old Wayne Mut. Life Assn.* v. *McDonough*, 204 U. S. 8; *Simon* v. *Southern Railway Co.*, 236 U. S. 115, distinguished.)

*Bagdon* v. *Philadelphia & Reading Coal & Iron Co.*, 170 App. Div. 594, reversed.

(Argued February 23, 1916; decided March 14, 1916.)

Appeal, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered December 30, 1915, which affirmed an order of Special Term setting aside the service of the summons in this action.

The following question was certified: "Should service of the summons in this action upon the defendant be set aside?"

The nature of the action and the facts, so far as material, are stated in the opinion.

*Ralph G. Barclay* and *Robert Stewart* for appellant. By the service of the process upon the designated agent of the defendant, this court acquired jurisdiction of the defendant, and the defendant has not been, nor will it be,

in case of the obtaining of a judgment, deprived of property without due process of law. (*Hutchins* v. *Ward*, 192 N. Y. 275; *St. Clair* v. *Cox*, 106 U. S. 350; *Ex parte Schollenberger*, 96 U. S. 369; *Gibbs* v. *Queen Ins. Co.*, 63 N. Y. 114; *O'Neil* v. *M. B. Assn.*, 63 Hun, 292; *Johnson* v. *Trade Ins. Co.*, 132 Mass. 432; *Webster* v. *Oregon Short Line, etc.*, 6 Ida. 312; *Osborne* v. *Shawmut Ins. Co.*, 51 Vt. 278; *Reichard* v. *Manhattan Life Ins. Co.*, 31 Mo. 518; *Grant* v. *Cananea Copper Co.*, 189 N. Y. 241; *Simon* v. *S. R. Co.*, 236 U. S. 115; *Smolik* v. *P. & R. C. & I. Co.*, 222 Fed. Rep. 148.)

*Edgar T. Brackett* and *Leonard Fish* for intervenors.

*William F. Purdy* for respondent. Service of the summons and complaint herein upon the defendant's designated agent was in violation of the Constitution and laws of the United States, particularly section 1 of the 14th amendment of the Constitution of the United States, and void. (*Simon* v. *Southern Ry. Co.*, 236 U. S. 115; *Peters* v. *Neeley*, 16 La. Ann. 275; *Bawknight* v. *L. & L. & G. Ins. Co.*, 55 Ga. 195; *O. W. Mut. Life Ins. Co.* v. *McDonough*, 204 U. S. 8; *St. Clair* v. *Cox*, 106 U. S. 350.)

CARDOZO, J. The plaintiff is a resident of this state; the defendant, a Pennsylvania corporation; and the cause of action, a breach of contract. The plaintiff, while working for the defendant in Pennsylvania, was injured through the defendant's negligence. A contract was then made to compensate him for his injuries. The plaintiff complains that this contract has been broken. He has served the summons on an agent designated by the defendant as "a person upon whom process against the corporation may be served within the state" (Gen. Corp. L. § 16; Consol. Laws, ch. 23). The defendant concedes that it is engaged in business in New York. It concedes that its appointment of an agent has never been revoked. It insists, however, that his agency must be limited to actions which arise out of the business trans-

acted in New York. It says that any other construction would do violence to its rights under the Federal Constitution. But the plaintiff's cause of action has no relation to business transacted in New York. His cause of action owes its origin to business transacted in Pennsylvania. The defendant says that for this reason the service is invalid; and both at the Special Term and at the Appellate Division its position has been sustained.

Two cases in the Supreme Court of the United States are said to be authority for that conclusion. They are *Old Wayne Mut. Life Assn.* v. *McDonough* (204 U. S. 8) and *Simon* v. *Southern Railway Co.* (236 U. S. 115). In neither case had any agent for the service of process been appointed. In each the court was dealing with the consequences that attach to the refusal to appoint an agent. There was no attempt to decide anything but the precise question involved. In *Old Wayne Mut. Life Assn.* v. *McDonough* (*supra*) an action was brought in Pennsylvania against an insurance company organized in Indiana. The laws of Pennsylvania provide that no foreign insurance company shall do business in that state until it has filed a stipulation that any legal process affecting the company may be served either on a designated agent or on the insurance commissioner, with the same effect as if served personally on the company. The Old Wayne Life Association did business in Pennsylvania; but it did not file the stipulation. A creditor sued it on a claim having no relation to its Pennsylvania business, and served the insurance commissioner. This service was held invalid. The court said that if the cause of action had relation to business transacted in Pennsylvania, the insurance company would be estopped to take advantage of its failure to file the stipulation required by the statute. Even though it had not consented to be bound by service on a public officer, it would in such a situation be charged with the same consequences as if it had consented. But the court refused to extend the estoppel to a case where

the transaction of business in Pennsylvania had no rela-
tion to the cause of action.   In such a case it held that
the company had the right to show the truth, and the
truth was that it had not given its consent.   " While the
highest considerations of public policy demand that an
insurance corporation, entering a state in defiance of a
statute which lawfully prescribes the terms upon which
it may exert its powers there, should · be held to have
assented to such terms as to business there transacted by
it, it would be going very far to imply, and we do not
imply, such assent as to business transacted in another
state, although citizens of the former state may be inter-
ested in such business " (204 U. S. at p. 22).

*Old Wayne Mut. Life Assn.* v. *McDonough* was fol-
lowed in *Simon* v. *Southern Ry. Co.* (236 U. S. 115), which
brought up the same question.   The plaintiff sued the
Southern Railway Company, a Virginia corporation, in the
courts of Louisiana.   That state makes it the duty of every
foreign corporation doing business within its borders to
file a written declaration setting forth the places in the
state where it is doing business, and the name of an agent
upon whom process may be served.   If business is done
without compliance with that condition, process may be
served upon the secretary of state.   The Southern Rail-
way Company did not file the required declaration.   There
was some question whether it did business in Louisiana
at all.   At all events, the cause of action had no relation
to that business.   It grew out of a collision in the state
of Alabama.   The court held that service on the secretary
of state of Louisiana was not service on the railway com-
pany.   It expressly refused to pass upon the effect of a
voluntary appointment of an agent for the service of proc-
ess.   " Without discussing the right to sue on a transi-
tory cause of action and serve the same on an agent vol-
untarily appointed by the foreign corporation, we put the
decision here on the special fact, relied on in the court
below, that in this case the cause of action arose within

the state of Alabama, and the suit therefor, in the Louisiana court, was served on an agent designated by a Louisiana statute" (236 U. S. at p. 130).

The question now before us is not the one that was decided in *Simon* v. *Southern Ry. Co.* It is the exact question which the court refused to decide. We are not required to consider how service could be made if the defendant had declined to file a stipulation. We are to ascertain the meaning and define the effect of a stipulation which it *has* filed. That is a question of the construction of a contract, and it must be answered in the light of the laws of the state where the contract was made. The state of New York has said that a foreign stock corporation, other than a moneyed corporation, shall not do business here until it has obtained a certificate from the secretary of state. The penalty is that it may not maintain any action in our courts "upon any contract made by it in this state, unless before the making of the contract it has procured such certificate" (Gen. Corp. L. § 15; Cons. Laws, ch. 23). The business, though unlicensed, is not illegal; the contract is not void; it may be enforced in other jurisdictions; all that is lost is the right to sue in the courts of the state (*Lupton's Sons Co.* v. *Auto Club of America*, 225 U. S. 489; *Mahar* v. *Harrington Park Villa Sites*, 204 N. Y. 231). To obtain such a certificate, however, there are conditions that must be fulfilled. One of them is a stipulation, to be filed in the office of the secretary of state, "designating a person upon whom process may be served within this state" (Gen. Corp. L. § 16). There is no alternative provision for service on a public officer if the stipulation is not filed. The only result of the omission to file it is that the certificate does not issue. The stipulation is, therefore, a true contract. The person designated is a true agent. The consent that he shall represent the corporation is a real consent. He is made the person "upon whom process against the corporation may be served." The actions in

which he is to represent the corporation are not limited. The meaning must, therefore, be that the appointment is for any action which under the laws of this state may be brought against a foreign corporation (Code Civ. Pro. §§ 1780, 432). The contract deals with jurisdiction of the person. It does not enlarge or diminish jurisdiction of the subject-matter. It means that whenever jurisdiction of the subject-matter is present, service on the agent shall give jurisdiction of the person.

The line of division between this case on the one side and *Simon* v. *Southern Ry. Co.* on the other is, therefore, a clear one. It was marked with discrimination in the opinion of Judge LEARNED HAND, sitting in the United States District Court for the Southern District of New York in a case against this same defendant (*Smolik* v. *Philadelphia & Reading Coal & Iron Co.*, 222 Fed. Rep. 148). The distinction is between a true consent and an imputed or implied consent, between a fact and a fiction. The defendant in *Simon* v. *Southern Ry. Co.*, had never consented to be bound by service on a public officer. "Actually it might have refused to appoint, and yet its refusal would make no difference " (HAND, J., in *Smolik* v. *P. & R. C. & I. Co.*, *supra*). If consent is withheld, but the privilege of doing business is exercised, the courts must say to what extent the corporation shall be charged with the same consequences as if it had consented. In marking the limits of this estoppel, they are not construing a contract, but defining a duty imposed and implied by law irrespective of contract. Two views are conceivable. On the one hand, we may say that the estoppel extends to causes of action of every nature, to causes of action which would have arisen even though the corporation had never gone beyond the state of its domicile. On the other hand, we may say that the estoppel should be limited to causes of action which owe their origin to the transaction of business in defiance of the statutory restrictions. It is this latter and narrower

view of the limits of the estoppel which has prevailed. A very different problem is the one before us. The statute is different; the conduct of the corporation subject to it is different. The statute makes no provision for service on a public officer if a designation is not filed; the corporation may withhold its stipulation and carry on business legally; all that it forfeits is the right to enforce its contracts in our courts. In return for that privilege, it has made a voluntary appointment of an agent selected by itself. We are not imposing or implying a legal duty. We are construing a contract.

When the nature of the problem is thus defined, the answer is no longer doubtful. The service of the summons on the defendant's designated agent had, we think, the same effect as if it had been made on the defendant's president (Code Civ. Pro. § 432). The purpose of the stipulation was to insure the presence in this state of some one with authority equal to the president's in respect of the service of process. It is true that even the president of a foreign corporation may be here without bringing the corporation itself within this jurisdiction. He must be here " officially, representing the corporation in its business" (*Conley* v. *Mathieson Alkali Works*, 190 U. S. 406; *Kendall* v. *American Automatic Loom Co.*, 198 U. S. 477; *Goldey* v. *Morning News*, 156 U. S. 518). To give judgment in violation of that rule is to condemn the corporation unheard, and to ignore the essentials of due process of law. Dicta to the contrary in *Grant* v. *Cananea Consol. Copper Co.* (189 N. Y. 241) must yield to the later decision in *Riverside & Dan River Cotton Mills* v. *Menefee* (237 U. S. 189, 192). But when a foreign corporation *is* engaged in business in New York and is here represented by an officer, he is its agent to accept service though the cause of action has no relation to the business here transacted. That was held in *Barrow S. S. Co.* v. *Kane* (170 U. S. 100). The same reasoning that sustains the service of process on the president or resident officer, irre-

spective of the nature of the cause of action, sustains the service on this agent. Officer and agent alike are in the service of a corporation engaged in business in this state. Their presence in that service has brought the corporation within our jurisdiction; and in coming here, it has become subject to the rule that transitory causes of action are enforceable wherever the defendant may be found. That was the ruling of the Supreme Court of Massachusetts in the construction of a statute similar to our own (*Johnston* v. *Trade Ins. Co.*, 132 Mass. 432; *Wilson* v. *Martin-Wilson Fire Alarm Co.*, 149 Mass. 24, 27). That also was the ruling of the Supreme Court of Georgia (*Reeves* v. *Southern Ry. Co.*, 121 Ga. 561; *Hawkins* v. *Fidelity & Casualty Co.*, 123 Ga. 722, overruling *Bawknight* v. *L. & L. & G. Ins. Co.*, 55 Ga. 194). We think there is nothing to the contrary either in the decisions of the Supreme Court of the nation or in the guaranty of due process under the Federal Constitution.

The order should be reversed, with costs in all courts, and the question certified answered in the negative.

WILLARD BARTLETT, Ch. J., CHASE, COLLIN, CUDDEBACK, SEABURY and POUND, JJ., concur.

Order reversed.