KAROSAS v. SUSQUEHANNA COAL CO. et al.

(Supreme Court, Appellate Division, Second Department. May 12, 1916.)

1. CORPORATIONS ⬅➡668(8)—FOREIGN CORPORATIONS—SERVICE ON MANAGING AGENT—STATUTE.

Under Code Civ. Proc. § 432, providing for personal service of summons upon defendant foreign corporation by delivering a copy thereof to its president or to certain officers, or to the person designated therefor under the General Corporation Law, and if no designation is in force, or if no officer can be found with due diligence, and the corporation has property within the state or the cause of action arose therein, upon its managing agent within the state, a service upon a managing agent could not be made, without an affirmative showing that the plaintiff had used due diligence in attempting to serve some of its specified officers.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2614; Dec. Dig. ⬅➡668(8).]

---

2. PROCESS ⊚⇒155—REGULARITY OF SERVICE OF PROCESS—MOTION TO VACATE.
  The regularity of an attempted service of process, on objections only
  going to the court's jurisdiction of the person, may be raised by a mo-
  tion to vacate the attempted service.
    [Ed. Note.—For other cases, see Process, Cent. Dig. § 210; Dec. Dig.
  ⊚⇒155.]

Appeal from Special Term, Westchester County.

Action by Simon Karosas against the Susquehanna Coal Company, impleaded with the Pennsylvania Railroad Company. From an order vacating an attempted service of a summons upon the defendant Coal Company's managing agent, plaintiff appeals. Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, RICH, and PUTNAM, JJ.

Alvin C. Cass, of New York City, for appellant.

Franklin Nevius, of New York City (William H. O'Brien, of New York City, on the brief), for respondents.

CARR, J. The plaintiff appeals from an order of the Special Term in Westchester county that vacated an attempted service of a summons upon one Bressette as the defendant's "managing agent" in New York City. No complaint was served. The defendant Susquehanna Coal Company moved to vacate the attempted service chiefly upon the ground that Bressette was not a "managing agent." There is nothing in the record that discloses whether the plaintiff is a resident of this state, nor the nature of his cause of action, nor when or where it arose. The defendant is a foreign corporation, with its chief office in the city of Philadelphia, Pa.

Section 1780 of the Code of Civil Procedure defines the cases in which the courts of this state may take jurisdiction of actions against foreign corporations, as to the subject-matter of the actions. Owing to the silence of the motion papers, we do not know whether the court has jurisdiction of the subject-matter of this action, unless it be on the theory that the defendant is doing business within this state. It maintains an office in New York City as an agency for the sale of coal. Bressette is apparently at the head of this office, and is described by the defendant, and by himself, as a "sales agent," or "head sales agent," in New York City. He and the men associated with him solicit orders for the defendant for the sale of coal at prices fixed by the head office in Philadelphia, from which prices he has no power to deviate without instructions from his superior officers. He has no power to make contracts for long periods, nor to extend credits beyond the fixed period of 30 days. The defendant has a bank account in the city of New York for the purpose of paying the current expenses of its sales agency. It is not necessary on this appeal to determine whether Bressette was a "managing agent," nor whether the defendant was "doing business" within this state. The defendant filed no designation of a person upon whom process may be served within this state.

[1] The plaintiff contends that the service of the summons was reg-

ular under section 432 of the Code of Civil Procedure, which defines the method of service of a summons, within this state, upon a foreign corporation. Assuming, but not deciding, that Bressette was a "managing agent," the question arises whether the attempted service was regular under section 432. The affidavits interposed by the plaintiff on the defendant's motion are wholly silent as to whether the plaintiff attempted to find within this state any of the defendant's officers therein specified, nor do these affidavits state, even in the barest manner, any "due diligence" in an attempt to find them before attempting service upon Bressette as "managing agent." In Vitolo v. Bee Publishing Co., 66 App. Div. 582, 73 N. Y. Supp. 273, the same question arose, and it was held that, before service of a summons could be made upon a "managing agent," it must appear affirmatively that the plaintiff used due diligence in an attempt to serve some of the specified officers of the corporation. This case was followed in Doherty v. Evening Journal Association, 98 App. Div. 136, 90 N. Y. Supp. 671, and I do not find that it has ever been criticized or departed from. There is a wide range of discussion in the respective briefs, which sometimes goes far apart from the real question involved in this appeal. The respondent cites Bagdon v. Philadelphia & Reading C. & I. Co., 217 N. Y. 432, 111 N. E. 1075, but that case has no relevancy to the one at bar, for there the defendant did designate a person upon whom process might be served within this state, and the court said:

"We are not required to consider how service could be made if the defendant had declined to file a stipulation." 217 N. Y. 436, 111 N. E. 1076.

[2] The plaintiff appellant contends that the question of the regularity of the attempted service cannot be raised by a motion to vacate, but must be raised by demurrer or answer, and cites Barber v. Barber, 137 App. Div. 665, 122 N. Y. Supp. 452. There the summons *and complaint* were served under an order of substituted service by publication. The grounds set forth in the application to vacate the service were really objections to the court's jurisdiction of the subject-matter of the plaintiff's alleged cause of action, and not as to jurisdiction of the person acquired through service of process. Where the latter question is involved, the long-settled practice has been to entertain motions to vacate the attempted service, and the cases in which such motions have been entertained and passed upon are too numerous and continuously uniform to require citation.

The order should be affirmed, with $10 costs and disbursements. All concur.