ular under section 432 of the Code of Civil Procedure, which defines the method of service of a summons, within this state, upon a foreign corporation. Assuming, but not deciding, that Bressette was a "managing agent," the question arises whether the attempted service was regular under section 432. The affidavits interposed by the plaintiff on the defendant's motion are wholly silent as to whether the plaintiff attempted to find within this state any of the defendant's officers therein specified, nor do these affidavits state, even in the barest manner, any "due diligence" in an attempt to find them before attempting service upon Bressette as "managing agent." In Vitolo v. Bee Publishing Co., 66 App. Div. 582, 73 N. Y. Supp. 273, the same question arose, and it was held that, before service of a summons could be made upon a "managing agent," it must appear affirmatively that the plaintiff used due diligence in an attempt to serve some of the specified officers of the corporation. This case was followed in Doherty v. Evening Journal Association, 98 App. Div. 136, 90 N. Y. Supp. 671, and I do not find that it has ever been criticized or departed from. There is a wide range of discussion in the respective briefs, which sometimes goes far apart from the real question involved in this appeal. The respondent cites Bagdon v. Philadelphia & Reading C. & I. Co., 217 N. Y. 432, 111 N. E. 1075, but that case has no relevancy to the one at bar, for there the defendant did designate a person upon whom process might be served within this state, and the court said:

"We are not required to consider how service could be made if the defendant had declined to file a stipulation." 217 N. Y. 436, 111 N. E. 1076.

[2] The plaintiff appellant contends that the question of the regularity of the attempted service cannot be raised by a motion to vacate, but must be raised by demurrer or answer, and cites Barber v. Barber, 137 App. Div. 665, 122 N. Y. Supp. 452. There the summons *and complaint* were served under an order of substituted service by publication. The grounds set forth in the application to vacate the service were really objections to the court's jurisdiction of the subject-matter of the plaintiff's alleged cause of action, and not as to jurisdiction of the person acquired through service of process. Where the latter question is involved, the long-settled practice has been to entertain motions to vacate the attempted service, and the cases in which such motions have been entertained and passed upon are too numerous and continuously uniform to require citation.

The order should be affirmed, with $10 costs and disbursements. All concur.

---

PASKEWICZ v. SUSQUEHANNA COAL CO. et al.

(Supreme Court, Appellate Division, Second Department. May 12, 1916.)

Appeal from Special Term, Westchester County.

Action by Marion Paskewicz, etc., against the Susquehanna Coal Company, impleaded with the Pennsylvania Railroad Company. From an order

vacating an attempted service of a summons upon defendant Coal Company's alleged managing agent, plaintiff appeals. Affirmed.

PER CURIAM. Order affirmed, with $10 costs and disbursements, on the authority of Karosas v. Susquehanna Coal Co., 158 N. Y. Supp. 1021, decided herewith.

---

### RUTKOWSKI et al. v. SUSQUEHANNA COAL CO. et al.

(Supreme Court, Appellate Division, Second Department. May 12, 1916.)

Appeal from Special Term, Westchester County.

Action by Alexander Rutkowski and another against the Susquehanna Coal Company, impleaded with the Pennsylvania Railroad Company. From an order vacating an attempted service of a summons upon defendant Coal Company's alleged managing agent, plaintiffs appeal. Affirmed.

PER CURIAM. Order affirmed, with $10 costs and disbursements, on authority of Karosas v. Susquehanna Coal Company, 158 N. Y. Supp. 1021, decided herewith.

---

### PEOPLE ex rel. LUYSTER v. COCKS et al., Town Board of Audit.

(Supreme Court, Appellate Division, Second Department. May 12, 1916.)

CONSTITUTIONAL LAW ☞63(2)—LEGISLATIVE POWER—DELEGATION—SALARY OF JUSTICES OF THE PEACE.

Laws 1915, c. 11, adding section 107a to the Town Law (Laws 1909, c. 63; Consol. Laws, c. 62), giving to the town board of any town containing more than 20,000 power, in its discretion, to fix an annual salary not exceeding $1,500 for justices of the peace for all services rendered in criminal matters, in lieu of fees under Code Cr. Proc. § 740a, under which the town board, by resolution, fixed an annual salary of $1,500 for the justice of the peace in a town, considered with section 131, by which the town board consists of four justices of the peace, the supervisor, and the town clerk, does not violate Const. art. 3, § 1, declaring that the legislative power of the state shall be vested in the Senate and Assembly, since the fixing of salaries is but a part of the local government of towns.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 109, 111, 112, 114; Dec. Dig. ☞63(2).]

Certiorari by the People of the State of New York, on the relation of William E. Luyster, to review a determination of James H. Cocks and others, composing the Town Board of the Town of Oyster Bay, sitting as a Board of Audit. Writ dismissed, and determination confirmed.

Argued before JENKS, P. J., and CARR, STAPLETON, RICH, and PUTNAM, JJ.

Charles T. McCarthy, of Glen Cove, for relator.

Percy L. Housel, of Riverhead, for respondents Weeks, Steinert, Duvall, and Weiden.

CARR, J. The relator is a justice of the peace of the town of Oyster Bay, in Nassau county. He presented a claim to the town board for audit, covering services rendered by him officially in various criminal proceedings which had been ·pending before him. The

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes