vacating an attempted service of a summons upon defendant Coal Company's alleged managing agent, plaintiff appeals. Affirmed.

PER CURIAM. Order affirmed, with $10 costs and disbursements, on the authority of Karosas v. Susquehanna Coal Co., 158 N. Y. Supp. 1021, decided herewith.

---

### RUTKOWSKI et al. v. SUSQUEHANNA COAL CO. et al.

(Supreme Court, Appellate Division, Second Department. May 12, 1916.)

Appeal from Special Term, Westchester County.

Action by Alexander Rutkowski and another against the Susquehanna Coal Company, impleaded with the Pennsylvania Railroad Company. From an order vacating an attempted service of a summons upon defendant Coal Company's alleged managing agent, plaintiffs appeal. Affirmed.

PER CURIAM. Order affirmed, with $10 costs and disbursements, on authority of Karosas v. Susquehanna Coal Company, 158 N. Y. Supp. 1021, decided herewith.

---

### PEOPLE ex rel. LUYSTER v. COCKS et al., Town Board of Audit.

(Supreme Court, Appellate Division, Second Department. May 12, 1916.)

CONSTITUTIONAL LAW ☞63(2)—LEGISLATIVE POWER—DELEGATION—SALARY OF JUSTICES OF THE PEACE.

Laws 1915, c. 11, adding section 107a to the Town Law (Laws 1909, c. 63; Consol. Laws, c. 62), giving to the town board of any town containing more than 20,000 power, in its discretion, to fix an annual salary not exceeding $1,500 for justices of the peace for all services rendered in criminal matters, in lieu of fees under Code Cr. Proc. § 740a, under which the town board, by resolution, fixed an annual salary of $1,500 for the justice of the peace in a town, considered with section 131, by which the town board consists of four justices of the peace, the supervisor, and the town clerk, does not violate Const. art. 3, § 1, declaring that the legislative power of the state shall be vested in the Senate and Assembly, since the fixing of salaries is but a part of the local government of towns.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 109, 111, 112, 114; Dec. Dig. ☞63(2).]

Certiorari by the People of the State of New York, on the relation of William E. Luyster, to review a determination of James H. Cocks and others, composing the Town Board of the Town of Oyster Bay, sitting as a Board of Audit. Writ dismissed, and determination confirmed.

Argued before JENKS, P. J., and CARR, STAPLETON, RICH, and PUTNAM, JJ.

Charles T. McCarthy, of Glen Cove, for relator.

Percy L. Housel, of Riverhead, for respondents Weeks, Steinert, Duvall, and Weiden.

CARR, J. The relator is a justice of the peace of the town of Oyster Bay, in Nassau county. He presented a claim to the town board for audit, covering services rendered by him officially in various criminal proceedings which had been ·pending before him. The

---