ELIZABETH A. KARIUS, Individually, and as Administratrix, etc., of JOSEPH G. KARIUS, Deceased, Plaintiff, *v.* ALL STATES FREIGHT, INC., Defendant.

Supreme Court, Albany County, April 4, 1941.

*Byrne, Jeram & Casey* [*Joseph P. Keenan* of counsel], for the plaintiff.

*Carter & Conboy*, for the defendant.

BERGAN, J. Defendant is an Ohio corporation. It is engaged in interstate commerce as a carrier of freight by trucks. Plaintiff's intestate was killed in a collision with one of defendant's trucks in Pennsylvania. Both he and the plaintiff were then residents of Pennsylvania.

The action is to recover damages for the death of plaintiff's intestate and for damages for plaintiff's personal injuries. Plaintiff became a resident of New York before this action was commenced. She and her intestate had been former residents of New York. Her good faith in acquiring residence in New York is not questioned. Defendant maintains an office in New York city. It carries freight regularly in the State of New York in interstate commerce. It carries no intrastate freight in New York. It is authorized under the General Corporation Law to do business in New York.

The affidavit of its vice-president discloses that " the extent of its business operations within the State of New York is the delivery of merchandise, transported in interstate commerce, to the consignees of said merchandise within the State of New York and the acceptance of merchandise within the State of New York for delivery to consignees in other States." The corporation is doing business in the State of New York. (*International Harvester Co.* v. *Kentucky*, 234 U. S. 579; *Tauza* v. *Susquehanna Coal Co.*, 220 N. Y. 259.)

The Secretary of State has been designated by defendant to receive process on its behalf. This designation was made under the requirement of section 210 of the General Corporation Law as a condition precedent of its authorization to do business in New York.

Defendant appears specially and moves for a dismissal of the complaint upon the ground that the court should not accept juris-

diction of the action, and upon the ground that the Secretary of State was not authorized to accept service of the summons in its behalf, and hence that the court has not acquired jurisdiction of defendant.

Whether, having acquired jurisdiction of a non-resident, the Supreme Court will entertain an action by a resident, here in good faith, in a transitory action arising in another State, is not a matter of discretion. It must entertain such an action. (*Gregonis* v. *Philadelphia & Reading Coal & Iron Co.*, 235 N. Y. 152.) Only if the action becomes a burden upon interstate commerce may jurisdiction be refused. The refusal is not then governed by discretion, but by the application of principles governing the interference with the freedom of interstate commerce guaranteed by the Constitution of the United States.

The test is "whether the exercise of jurisdiction by a State court of the subject of a transitory action brought against a foreign corporation engaged in interstate commerce, would impose a serious and unreasonable burden upon interstate commerce." (*Matter of Baltimore Mail S. S. Co.* v. *Fawcett*, 269 N. Y. 379, 386.) By the process of inclusion and exclusion, it was there said, " the standard or measure to be applied has become clearer." (See, also, *International Milling Co.* v. *Columbia Transportation Co*, 292 U. S. 511.)

Jurisdiction is not a burden upon interstate commerce where the plaintiff is a resident of the State in which the action is maintained and where the defendant is doing business in that State by actually and physically transporting goods therein in interstate commerce. Thus a corporation transporting by water as much in the State taking jurisdiction as in any other State will be held subject to such jurisdiction in an action arising outside the State (*International Milling Co.* v. *Columbia Transportation Co.*, *supra*) as will a railroad company having parts of its line in that State. (*Denver & Rio Grande Western R. R. Co.* v. *Terte*, 284 U. S. 284.)

If the regular operation of trucks within a State be deemed not fully analogous to the maintenance of a railroad line, it is quite analogous to the vessels of the defendant in the *International Milling Co.* case which operated in Lake Superior. There the defendant " does not do business like a railroad company along a changeless route. * * * Its vessels navigate the waters of Lake Superior, not merely occasionally, but by long continued practice, * * *. We find ourselves unable to conclude that by the prosecution of this suit there has been laid upon the carrier a burden so heavy and so unnecessary as to be oppressive and unreasonable " (p. 520).

The facts in *Matter of Baltimore Mail S. S. Co.* v. *Fawcett* (*supra*) are readily distinguishable from the facts here. There the defendant carried on no activities except to solicit business for commerce which did not touch this State. Here defendant's interstate business of transportation is actually and physically carried on, in part, within this State and it does business here and maintains an office for that purpose. If jurisdiction of defendant was obtained, the court is required to entertain the action, since its determination in this respect is governed by the rules of interpretation of the interstate commerce clause and not, as has been pointed out, by its discretion. The facts here bring the case within the grouping of those separated and classified by Mr. Justice CARDOZO in the *International Milling* case, in which the State by its judicial action is deemed to impose no unreasonable burden upon interstate commerce.

The remaining question is whether the court, now able to entertain the action, has acquired jurisdiction of the person of the defendant corporation by service of process upon the Secretary of State as its agent.

Defendant relies upon *Old Wayne Mut. Life Assn.* v. *McDonough* (204 U. S. 8); *Simon* v. *Southern R. Co.* (236 id. 115) and *Morris & Co.* v. *Skandinavia Ins. Co.* (81 F. [2d] 346) in its contention that the designation of the Secretary of State as defendant's agent to receive process did not operate to confer jurisdiction of defendant, where the cause of action arose outside of the State and was not connected with any business carried on in the State.

The answer to this contention is to be found in *Bagdon* v. *Philadelphia & Reading Coal & Iron Co.* (217 N. Y. 432). The effect of the *Old Wayne* and *Simon* decisions was there carefully considered. In neither of these cases before the Supreme Court of the United States had a designation of an agent to receive process been made. In the *Bagdon* case, in pursuance of the requirements of the statute, an agent had been designated. It was there said (p. 436): " To obtain such a certificate [to do business in New York] there are conditions that must be fulfilled. One of them is a stipulation, to be filed in the office of the Secretary of State, ' designating a person upon whom process may be served within this State.' There is no alternative provision for service on a public officer if the stipulation is not filed. The only result of the omission to file is that the certificate does not issue. The stipulation is, therefore, a true contract. The person designated is a true agent. * * * The contract deals with jurisdiction of the person."

The consideration is the right to do business in New York and the right to sue in the courts of New York. The present statute

(Gen. Corp. Law, § 210) contains no alternative provision for service upon a public officer if the designation be not filed, *i. e.*, a constructive designation. It provides for an actual designation if the foreign corporation desires an authorization to do business in New York. Here the authorization was sought and received by defendant and the designation was made by it. Whether it designated a public officer for this purpose or nominated a private person is not material. In either event the nomination was its own act and was in consideration of material benefits obtained in this State. The effect of the *Bagdon* decision by the New York Court of Appeals was considered by the Supreme Court of the United States in *Chipman, Ltd., v. Jeffery Co.* (251 U. S. 373), and by the Circuit Court of Appeals in *Morris & Co.* v. *Skandinavia Ins. Co.* (*supra*).

In the latter case it was said that the consent to be sued may arise expressly as by designating an agent pursuant to a State law, but in the absence of compelling language in a State law " or a local State decision to the contrary " such consent will usually not be construed to include actions arising outside the State jurisdiction, and even in that event, will not confer jurisdiction unless the defendant is doing business within the State (p. 351). But here both of these conditions exist, and in the *Skandinavia* case jurisdiction was denied because the statutes of Illinois were construed as not intending to confer jurisdiction under the facts there presented.

The motion is denied in each of its specifications, with ten dollars costs. Submit order.