In the Matter of the Application of GREYVAN LINES, INC., Petitioner, for an Order against MILO R. MALTBIE and Others, as Constituting the Public Service Commission of the State of New York, Respondents.

Supreme Court, Special Term, Albany County. July 27, 1942.

*Bond, Schoeneck & King,* for the petitioner.

*Gay H. Brown, Counsel to Public Service Commission,* for the respondents.

BERGAN, J. While the effect of the failure of a foreign corporation doing business in New York to obtain a certificate of authority required by section 210 of the General Corporation Law, is limited to a disability to sue in the courts of the State upon a contract made here, and while this disability has been accorded an extremely literal judicial interpretation, there exists in the statute a prohibition against doing business which concededly was violated by the petitioner.

The nature of its transactions, so regularly conducted as to become the basis for a claim that it was in *bona fide* operation as a common carrier within the intent of subdivision 1 of section 63-k of the Public Service Law, constituted " doing business " in the

State. (*International Harvester Co.* v. *Kentucky*, 234 U. S. 579; *Tauza* v. *Susquehanna Coal Co.*, 220 N. Y. 259; *Karius* v. *All States Freight, Inc.*, 176 Misc. 155.)

It now seeks classification within a group of common carriers who are relieved of the necessity of showing convenience and necessity for authorization to maintain service in such business in New York if on February 1, 1938, they were " in *bona fide* operation " as common carriers by motor vehicle. Not every technical violation of a statute, of course, excludes a corporation from the classification of an operation in good faith. (*Alton R. Co.* v. *United States*, 315 U. S. 15.) But the operation of a common carrier on public highways in defiance of the laws of a State may, in some circumstances, be deemed an operation not in good faith. (*McDonald* v. *Thompson*, 305 U. S. 263.)

The Albany Special Term in *Liberty Fast Freight Co., Inc.*, v. *Public Service Commission* (Jan. 23, 1942, unreported) held that the use of highways of the State in violation of provisions of the Vehicle and Traffic Law would exclude the carrier from classification as one conducting a *bona fide* operation within the State. The effect of its failure to obtain a certificate of authority to do business was not passed upon.

The provision that the operation must be in good faith does not mean solely that the carrier intended regularly to act as a common carrier at specified times and places. It means also that the operation must have been conducted in reasonable conformity with the laws of the sovereign which created the beneficial statute now sought to be invoked. The Public Service Commission is charged with the duty of determining the good faith of the operation on February 1, 1938. Its determination that a foreign corporation, which does business in violation of the laws of the State does not by the acts constituting such violation show a *bona fide* operation entitling it to the benefits of a statute granting a special privilege is within the frame of its powers and is not unreasonable. In a debatable field of statutory construction and intent this regulatory determination would be sustained by the court.

Since there is no triable issue of fact, the determination of the respondents is confirmed without costs.

Papers filed. Submit order.