## KRUEGER v. HIDER.
### Civil Action No. 921.

District Court, E. D. South Carolina,
Charleston Division.

Feb. 2, 1943.

Thomas P. Bussey, of Charleston, S. C., for plaintiff.

Robert McC. Figg, Jr., of Charleston, S. C., for defendant.

WARING, District Judge.

A motion has been made in the above entitled cause to dismiss for lack of jurisdiction. It appears that this suit grows out of an automobile collision, which occurred within the Eastern District of South Carolina (Orangeburg Division). The plaintiff was and is a resident of the State of Ohio, and the defendant of the State of New York. This cause is one where the automobile collision out of which the suit arose occurred in this District and there is a diversity of citizenship between the plaintiff and the defendant and the amount involved is over $3,000. It, therefore, appears that this court has jurisdiction over the cause. However, the question arises as to whether or not the court has acquired jurisdiction over the person. Title 28 U.S. C.A. § 112 provides for the venue of a case where there is diversity of citizenship and directs such an action shall be brought within the district of residence of either the plaintiff or the defendant. As above stated, it is conceded that neither the plaintiff nor the defendant is an actual resident of South Carolina or of the Eastern District thereof. If the court itself has jurisdiction of the cause of an action, even if a suit is brought in the wrong district, this objection may be waived either specifically by the defendant or by some act of his constituting a waiver. In the instant case the defendant has in due season raised this question and has objected, and he has not waived his rights by a voluntary surrender of his rights or by impliedly surrendering such rights by answering or otherwise pleading. He has fully protected himself by submitting this motion within due time. The question is whether such rights have been waived as a matter of law. The plaintiff points out that jurisdiction of the person and proper service have been obtained by reason of Section 437 of the Statutes of the State of South Carolina (1942), providing for service on nonresidents in actions of this character. The Statute is as follows:

"§ 437. Service on non-residents in actions arising out of accidents or collisions of motor vehicles.

"(1) Director of motor vehicle division lawful attorney.—The acceptance by nonresident of the rights and privileges con-.

ferred by the laws now or hereafter in force in this state permitting the operation of motor vehicles, as evidenced by the operation of a motor vehicle by such non-resident on the public highways, streets of any incorporated or unincorporated municipality and public roads of this state, or the operation by such non-resident of a motor vehicle on the public highways, streets of any incorporated or unincorporated municipality and public roads of the state other than as so permitted or regulated, shall be deemed 'equivalent to the appointment by such non-resident of the director of motor vehicle division of the state highway department, or of his successor in office, to be his true and lawful attorney upon whom may be served all summons or other lawful process in any action or proceeding against him, growing out of, any accident or collision in which said non-resident may be involved by reason of the operation by him, for him, or under his control or direction, express or implied, of a motor vehicle on such public highway of this state, and said acceptance or operation shall be a signification of his agreement that any such process against him shall be of the same legal force and validity as if served on him personally."

It appears that in this case service was had in proper manner under the above quoted section of South Carolina law and, therefore, it is clear that the defendant is properly served under South Carolina law and such service would be sufficient were this case to be brought in one of the State Courts of the State of South Carolina. State laws of this character have been held constitutional (see Hess v. Pawloski, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091), and as a matter of fact, no question here is raised as to the sufficiency of the Act making service on the state official as good as personal service.

As I understand the matter the defendant concedes the foregoing, but the position taken by him is that even if such service might give a State Court jurisdiction it would not give the Federal Court jurisdiction because of the fact that under Section 112 above referred to neither plaintiff nor defendant is a resident of this district. The argument is ingenious and might be held to be sound except for a number of federal decisions, which in my opinion point the other way.

A clear distinction should be made between jurisdiction of the cause of action and jurisdiction of the person. The Supreme Court of the United States in Lee v. Chesapeake & Ohio R., 260 U.S. 653, 43 S.Ct. 230, 231, 67 L.Ed. 443, in referring to the sections of the Judicial Code defining general jurisdiction of the District Courts and the section relating to the venue of suits, says: "It is a necessary conclusion from repeated decisions, going back to the original Judiciary Act of 1789, * * * that this provision [Section 51 Judicial Code, Section 112, Title 28 U.S. C.A.] does not limit the general jurisdiction of the District Courts or withdraw any suit therefrom, but merely confers a personal privilege on the defendant, which he may assert, or may waive, at his election."

In the case of Graver Tank & Mfg. Corp. v. New England Terminal Co., 125 F.2d 71, 73, the Circuit Court of Appeals for the First Circuit had under consideration a similar matter on appeal from the District Court of Rhode Island. The parties plaintiff and defendant were both non-residents of the State of Rhode Island. The appellate court said: "The jurisdiction of the District Court of Rhode Island —its 'power to adjudicate' the controversy between the parties to this action—a matter which is 'beyond the scope of litigants to confer', is clear for the reason that the parties are citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds the statutory amount."

I am of the opinion that the case of Neirbo Co. v. Bethlehem Ship Building Corp., 308 U.S. 165, 60 S.Ct. 153, 154, 84 L.Ed. 167, 128 A.L.R. 1437, which was decided in 1939, is really determinative of this question. The prevailing opinion is by Mr. Justice Frankfurter. In that case, which was brought in the Southern District of New York, both plaintiff and defendant were non-resident corporations. As was said in the opinion, "the suit was based on diversity of citizenship and was not brought 'in the district of the residence of either the plaintiff or the defendant'". The court pointed out that because of the uncertainty of the application of Section 51 of the Judicial Code, Title 28 U.S.C.A. § 112, and diverse decisions in regard thereto it had deemed it proper to grant the petition for certiorari and consider the case. It is pointed out that under the laws of the State of New York the defendant had appointed a certain person as one upon whom a summons might be served within

710

the State of New York, and in making such designation the defendant had in effect entered into a bargain with the state by which in return for the enjoyment of business freedom in that state it submitted its person to the jurisdiction of the courts in New York; and the court further says, quoting from an opinion from the New York Court of Appeals, Bagdon v. Philadelphia & Reading C. & I. Co., 217 N.Y. 432, 111 N.E. 1075, L.R.A.1916F, 407, Ann.Cas.1918A, 389, that such a statute "means that, whenever jurisdiction of the subject-matter is present, service on the agent shall give jurisdiction of the person". Mr. Justice Frankfurter further says "a statute calling for such a designation is constitutional, and the designation of the agent 'a voluntary act'". The opinion then holds: "In finding an actual consent by Bethlehem to be sued in the courts of New York, federal as well as state, we are not subjecting federal procedure to the requirements of New York law. We are recognizing that 'state legislation and consent of parties may bring about a state of facts which will authorize the courts of the United States to take cognizance of a case'".

In the instant case the argument is made that the Neirbo case applies only to corporations, and furthermore that in that case there was a voluntary act on the part of the defendant corporation in taking certain steps in order to do business in the State of New York. I do not think that this distinction and line of reasoning is sound. If the corporation can waive its non-residence immunity by appointing an agent on whom process is to be served, an individual can do the same. Section 437 of the S. C. Code, which is hereinabove quoted, expressly provides that a non-resident (and this certainly includes individuals as well as corporations) appoints a certain official as his agent upon whom process may be served, and that this is done in consideration of the state permitting him to make use of the public highways and the fact that he makes such use indicates his acceptance of the conditions of the Statute. It seems clear to me that the defendant, Hider, when he drove upon the South Carolina roads accepted the terms of Section 437 of the South Carolina Code and thereby appointed the director of Motor Vehicle Division of the State Highway Department as his true and lawful attorney upon whom process could be served. By doing such act he waived the

question of jurisdiction of person. This statement of law might have been seriously questioned before the decision in the Neirbo case hereinabove cited, but since the decision in that case it appears to me to be an inescapable and sound conclusion.

The foregoing views are in part sustained by a number of decisions not absolutely in point, but close to the present situation. See Williams v. James, D.C., 34 F.Supp. 61; O'Donnell v. Slade, D.C., 5 F.Supp. 265; Peeples v. Ramspacher, D.C., 29 F.Supp. 632.

In accordance with the foregoing views, it is ordered that the motion to dismiss be and the same is hereby refused. It is further ordered that the time for answering or otherwise pleading by the defendant, Abe Hider, be extended Fifteen (15) days from the date of this order.