**SUPER PRODUCTS CORPORATION,**
Plaintiff,

v.

**Dave PARKIN, individually and as representative of Miracle Filter Co., and Norman G. Hovlid, doing business as Miracle Filter Co., Defendants.**

United States District Court
S. D. New York.

Feb. 8, 1957.

378

A. Abba Orlinger, New York City, for plaintiff.

Cooper, Dunham, Keith & Dearborn, New York City, W. D. Keith and G. W. Griffin, New York City, of counsel for defendants.

RYAN, District Judge.

On this motion made by defendants prior to answer to dismiss the complaint under Rule 12(b), Fed.Rules Civ.Proc., 28 U.S.C.A., the following reasons are advanced:

A. as to the defendant Parkin that Count II should be dismissed as to him because the relief it seeks is a declaration of invalidity and non-infringement on a certain patent in which this defendant has no right, title or interest;

B. as to defendant Hovlid, that the suit must be dismissed in toto, or in the alternative, transferred as not being brought in the proper judicial district under Section 1391, 28 U.S.C.A.

C. and D. as to defendant Hovlid, that the suit must be dismissed because the court has no jurisdiction, for he is a resident of California and was not duly served within the provisions of Federal Rules 4(f), 4(d) (7) and Section 229–b, New York Civil Practice Act.

E. in the alternative, that this suit be stayed pending disposition of another action based on the patent here at issue brought by defendant Hovlid as plaintiff against third parties in California.

The background facts essential to a determination of the merits of these contentions are:

Plaintiff is a Pennsylvania corporation engaged in the business of selling filter supports for water purifying apparatus of aquaria; defendant Hovlid is a California resident, doing business under the name of Miracle Filter Company at Long Beach, California, and manufacturing and selling similar type aquaria filters covered by a patent of which he is the sole owner and over which he has sole claim and interest; defendant Parkin is a New York resident engaged in soliciting sales for defendant Hovlid's product throughout the Northeast area. Since 1956, Parkin has been under a commission sales agreement with Hovlid and another (not here significant) under which he receives a 10% commission on all filters sold in this area whether through his direct solicitation or not, and in addition a guaranteed weekly commission of $100, plus reimbursements for reasonable expenses while engaging in Hovlid's business, such as postage, telephone, gas and oil for car, etc. Hovlid's sales in Parkin's area average 25% of a total of about $100,000 per annum. All the filters are manufactured at Hovlid's plant in California; he maintains in New York no clerical staff, no bank account, no trucks; he does, however, for the purpose of expediting deliveries maintain about $3,-000 of inventory in space rented by him at a store located in New York City; he has not designated any agent to receive process on his behalf. Parkin's duties consist of selling Hovlid's filters in this area; he has access to the stock maintained by Hovlid here in the City in order to fill orders for customers upon whose credit Hovlid has passed; he is permitted to represent himself as Hovlid's "Eastern Representative" and has letterheads and cards to this effect; he maintains no office or staff, but works out of his apartment in the City (for which he pays the rent), but where there is a telephone listed under the name of Miracle Filter Co. and for which Hovlid pays

the charges. Parkin has no authority to sign checks, bill or receive payments, extend or pass upon credit of purchasers, negotiate or settle claims, or hire personnel; he does not appear to have control over the policies of the business or the price of the goods; he does, however, solicit, accept and fill orders and is probably covered by workmen's compensation as an employee of Hovlid doing business as Miracle Filter Co.

The complaint herein was filed on September 26, 1956; jurisdiction is predicated on diversity of citizenship. In the first count, it is alleged that defendants conspired to and did commit acts of unfair competition for which plaintiff seeks damages and an injunction; in the second count, it is alleged that Hovlid is the owner of a certain patent claimed to cover plaintiff's product, and that this patent is invalid and here plaintiff prays for a declaration of invalidity and noninfringement, Declaratory Judgments Statute—Sec. 2201, 28 U.S.C.A.

 The patent is referred to as the "Hovlid patent" and nowhere is defendant Parkin alleged to have any interest, right or claim to the patent. It is obvious that no claim is pleaded as against Parkin in this second count, that as between him and plaintiff there is no justiciable controversy and that the motion with respect to Parkin designated as "A" must be granted.

I next take up parts "C" and "D" of the motion which concern the jurisdiction of the court over the defendant Hovlid doing business as Miracle Filter Co.

On 10/3/56, Dave Parkin was individually served with a summons and complaint; an additional copy of the summons and complaint was served on January 16, 1957 on Parkin (under Rule 4(d) (7), F.R.C.P. and Sec. 229-b, N.Y.C. P.A.), "as the person in charge of the business in which defendant Hovlid, doing business as Miracle Filter Co., is engaged within the State of New York" and on January 17, 1957 a copy of the summons and complaint, with the notice

required by Sec. 229–b, was sent by registered mail to Hovlid addressed to his residence in California. The receipt was returned signed by Hovlid's wife, and filed together with plaintiff's affidavit of service pursuant to the state statute.

■ There is no dispute that Hovlid is not a resident of this state and that he was not "personally" served in this state. The validity of the service upon him within the territorial limits of the court under Rule 4(f) is predicated however on service on his agent Parkin under the service of state process rule provided for by Rule 4(d) (7). Prerequisite to a determination of the procedural validity of this service is a finding that Hovlid "is engaged in business in this state", and that Parkin is a "person, who at the time of service, is in charge of defendant's business." From the undisputed facts above set forth, I find that both these elements are present and this whether I apply the New York test of "doing business", Pine & Co. v. McConnell, 298 N.Y. 27, 80 N.E.2d 137, or that laid down by International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S. Ct. 154, 90 L.Ed. 95.

■ The next question presented is whether Rule 4(f) limits the availability of the rule for service of state process permitted by Rule 4(d) (7) where "the manner prescribed by the law of the state" resorts to "substituted" service and "personal service" outside the state. There is no problem here of due process as to the non-resident defendant Hovlid received actual notice and service by mail as provided for in the state statute. Pennoyer v. Neff, 95 U.S. 714, 733, 24 L.Ed. 565; Milliken v. Meyer, 311 U.S. 457, 463, 61 S.Ct. 339, 85 L.Ed. 278.

■■ It appears clear that Sec. 229–b has a purpose similar to that of the non-resident motorist statute and that applicable to foreign corporations conducting business—that is, an automatic designation of an agent for service in exchange for the privilege of availing oneself of the facilities provided by the state.

"The person designated is a true agent. The consent that he shall represent the corporation is a real consent". Bagdon v. Philadelphia & Reading Coal & Iron Co., 217 N.Y. 432, 436, 111 N.E. 1075, 1076 L.R.A.1916F, 407. There being no constitutional objection there appears no reason why consent to be sued in the state court should not be extended to a federal court, which in a diversity suit will apply the same law as the state court. Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167; Mississippi Pub. Corp. v. Murphree, 326 U.S. 438, 66 S.Ct. 242, 90 L.Ed. 185.

Whether Rule 4(f) sets up limitations only in the case of original federal process and not to cases where the state procedure is resorted to in order to obtain federal process, Moore, Fed.Prac. Vol. II Sec. 419, p. 949, is not necessary to determine, for it can be argued that the service on Hovlid's agent Parkin being good because Hovlid was "present" for such purposes was tantamount to "personal" service on Hovlid within the territorial confines of Rule 4(f). Pasternack v. Dalo, D.C., 17 F.R.D. 420. I hold that the service on Parkin as the representative of Hovlid was sufficient to give this court jurisdiction over the person of the latter. On grounds C. & D. the motion is denied.

■ A determination, however, that for purposes of service Hovlid is here, is not a determination that for other purposes he is a "resident" of the district or the state within the venue statute—Section 1391(a) or (b), Title 28 U.S.C.A. Rules 4(f) and 4(d) (7) determine the method of asserting jurisdiction; they do not enlarge or diminish a defendant's right when validly before the court to object to the forum chosen by plaintiff, and if he objects in time plaintiff must show compliance with the statute. A finding of consent on the part of a non-resident defendant to be sued in the state court and then in the federal court which applies the law of the state, has to carry

with it consent to be sued in conformity with federal regulations governing jurisdiction, venue and procedure of the federal courts. Mississippi Pub. Corp. v. Murphree, 326 U.S. 438, 445, 66 S.Ct. 242. Whether plaintiff relies on Sec. 1391(a) or (b) he has chosen the wrong forum and for this reason the complaint as to Hovlid doing business as Miracle Filter Co. and as to Dave Parkin as representative of Miracle Filter Co. must be dismissed. It is true that in Neirbo Co. v. Bethlehem Shipbuilding Corp. it was held that where a defendant foreign corporation under the New York General Corporation Law, McKinney's Consol.Laws, c. 23, in exchange for a license to do business had filed its consent to be sued in the New York courts, it had along with this consent waived its right to object to venue in the Federal Court. That case, however, must be limited to the facts at issue, to wit: a foreign corporation which in exchange for a license to do business had consented to service within the state. That it could not in effect withdraw its consent to suit by objecting to the venue, was the basis of the holding. The court drew a distinction between a corporation, which while it might have been "doing business" had not designated an agent and had therefore not become a "resident" of the district. 308 U.S. 173, 174, 60 S.Ct. 153. That this was the understanding of the Court of Appeals of this Circuit in Moss v. Atlantic Coast Line R. Co., 2 Cir.1945, 149 F.2d 701, 702, is apparent when in dealing with the problem of venue and a consideration of Neirbo it wrote: "This seems to us to leave no doubt that only an actual consent of the foreign corporation makes it a 'resident' of the district". See also Donahue v. M. A. Henry Co., D.C.S.D.N.Y.1948, 78 F.Supp. 91.

■ It is significant that in those cases the court was treating with corporations which under the statutory law of the State should have designated an agent. Here, there is no such civil substantive law requirement; the most that

a defendant such as Hovlid is confronted with is a device of the procedural law of the State bringing him within reach of the courts of the state, a device which should not be extended to effect a waiver of venue in the federal court.

■ I am aware of the fact that the result of this conclusion is that Sec. 229–b in a situation such as here is available in the federal court only to a resident of the State, nevertheless a finding of waiver of venue is not to be lightly reached. Motion granted as to ground "B".

■ The motion for the stay—part E—has been almost mooted by the above determination. All that remains of the suit here is a common law action for unfair competition solely against Parkin, who admittedly has nothing to do with the patent owned by Hovlid, and on which the suit in California is predicated. Neither the parties, nor the subject matter in the two suits have any common questions of fact or law; a disposition of one will have no effect on the other. The motion for a stay must be denied.

Settle order on notice.