12-2317-cv (L)
*Tiffany LLC v. China Merchants Bank*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## AMENDED SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of September, two thousand fourteen.

PRESENT:

> DEBRA ANN LIVINGSTON,
> GERARD E. LYNCH,
> RAYMOND J. LOHIER, JR.,
>
> *Circuit Judges.*

---

TIFFANY (NJ) LLC, TIFFANY AND COMPANY,

> *Plaintiffs-Appellees*,

-v.-                                               Nos. 12-2317-cv;
                                                   12-2330-cv; 12-2349-cv

CHINA MERCHANTS BANK, NEW YORK BRANCH, INDUSTRIAL AND COMMERCIAL BANK OF CHINA, LTD., NEW YORK BRANCH, BANK OF CHINA, NEW YORK BRANCH,

> *Movants-Appellants*,

BRUCE FORBSE, CHEN JIA WEN, GIMI WOOTEN, ET AL.,

> *Defendants*.

---

1

ANDREW RHYS DAVIES (Molly C. Spieczny, *on the brief*), Allen & Overy LLP, New York, NY, *for Movants-Appellants Industrial and Commercial Bank of China, Ltd., New York Branch and Bank of China, New York Branch.*

DWIGHT A. HEALY, White & Case LLP, New York, NY, *for Movant-Appellant China Merchants Bank, New York Branch.*

ROBERT L. WEIGEL (Howard S. Hogan, Jennifer C. Halter, Anne M. Coyle, *on the brief*), Gibson, Dunn & Crutcher LLP, New York, NY, *for Plaintiffs-Appellees.*

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court is **AFFIRMED in part, VACATED in part, and REMANDED.**

Plaintiffs-Appellees Tiffany (NJ) LLC and Tiffany and Company (the "plaintiffs") brought suit in the United States District Court for the Southern District of New York asserting, *inter alia*, claims for trademark infringement against nine identified defendants plus unidentified John Does and ABC Companies (collectively "defendants") that allegedly produced and sold counterfeit products. On August 3, 2011, the district court (Buchwald, *J.*) entered a preliminary injunction freezing the defendants' assets. The preliminary injunction specifically listed five accounts located at China Merchants Bank, Industrial and Commercial Bank of China, and Bank of China (collectively, the third-party "Banks"). Tiffany provided the Banks with notice of the preliminary injunction at their New York branches. The Banks subsequently moved to modify the preliminary injunction so that it would not apply to accounts held in China and the plaintiffs cross-moved to compel compliance. On May 23, 2012, the district court denied the motion to modify and granted Tiffany's cross-motion to compel compliance with the asset freeze provisions of the preliminary

2

injunction.[1]  This appeal followed.  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Simultaneously with this summary order we decide, by opinion, *Gucci America, Inc. v. Bank of China*, Nos. 11-3934; 12-4557, which was argued in tandem with this case.  The legal issues decided in *Gucci* substantially overlap with the legal issues presented here, and we therefore incorporate the legal analysis in *Gucci* relevant to this summary order.

*   *   *

### I.  Asset Freeze Injunction

The Banks first challenge the district court's authority to issue the preliminary injunction freezing the defendants' assets.  The Banks argue that the asset freeze injunction was impermissible because: (1) the district court lacked jurisdiction over the Bank to issue it; and (2) the court lacked the equitable authority pursuant to *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308 (1999), to do so.  As to both arguments, we disagree.

Relying on the analysis set forth in *Gucci*, we reject the Banks' argument that personal jurisdiction over the Banks was necessary for the district court to issue the asset freeze injunction. Because the injunctions at issue "do not directly enjoin payment system participants [such as banks], it is irrelevant whether the district court has personal jurisdiction over them."  *NML Capital, Ltd. v. Republic of Arg.*, 727 F.3d 230, 243 (2d Cir. 2013), *cert. denied,* 134 S. Ct. 2819 (2014).  Once

---

[1] The district court also granted Industrial and Commercial Bank of China's motion to modify the discovery portion of the injunction and directed Tiffany to seek discovery through the Hague Convention as to that Bank.  On the other hand, the district court denied Bank of China's motion to modify the discovery portion of the order, declining to direct the plaintiffs to seek documents through the Hague Convention as to the Bank of China.  The district court's discovery rulings are not raised on this appeal.

3

a district court issues an asset freeze injunction against parties over whom it has personal jurisdiction, the injunction "automatically forbids others – who are not directly enjoined but who act 'in active concert or participation' with an enjoined party – from assisting in a violation of the injunction." *NML Capital*, 727 F.3d at 243 (citing Fed. R. Civ. P. 65(d)). Therefore, only personal jurisdiction over the *defendants* – which is not contested on appeal – was required to issue the asset freeze injunction.

Moreover, we also conclude that the district court had the equitable authority to issue the prejudgment asset freeze, relying again on the analysis in *Gucci*. The Supreme Court in *Grupo Mexicano* was careful not to abrogate the settled principle that in an action for equitable remedies, courts have the inherent authority to issue prejudgment asset freezes. *See* 527 U.S. at 325 (noting that "preliminary relief available in a suit seeking equitable relief has nothing to do with the preliminary relief available in a creditor's bill seeking . . . a legal debt"). In this case, Tiffany's complaint includes a request, under the Lanham Act, 15 U.S.C. § 1501, *et seq.*, for an "accounting and disgorgement of Defendants' illicit profits." J.A. 45. In accordance with our holding in *Gucci* – and well settled Supreme Court precedent – a claim for an accounting of profits under the Lanham Act is equitable in nature. Therefore, the district court had the equitable authority to issue a prejudgment asset freeze in this case.

## II. Order Enforcing Asset Freeze Injunction Against Banks

In addition to issuing a preliminary injunction freezing the defendants' assets, the district court denied the Banks' motions to modify the injunction and specifically compelled the Banks to comply with the asset freeze provisions in the preliminary injunction. We vacate this portion of the May 23, 2012 order and remand for the district court to: (1) consider whether it has personal

4

jurisdiction necessary to order the Banks to comply with the asset freeze; and (2) apply principles of international comity before deciding whether to order the Banks to comply.

While jurisdiction over a defendant is all that a court needs to issue an injunction freezing that party's assets, a district court can enforce an injunction against a nonparty only if it has personal jurisdiction over that nonparty. *See Canterbury Belts Ltd. v. Lane Walker Rudkin, Ltd.*, 869 F.2d 34, 40 (2d Cir. 1989). Following the Supreme Court's decision in *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014), and for the reasons stated in *Gucci*, the Banks were not subject to general jurisdiction in the district court. The Banks' sites of incorporation and principal places of business are all outside of the United States. *See* J.A. 810 (China Merchants Bank branches); J.A. 857-61 (Industrial and Commercial Bank of China branches); Gucci ECF No. 288 (citing OCC Evaluation Aug. 18, 2008) ("At year-end 2007, [Bank of China] had 10,145 domestic branches, 689 overseas branches and subsidiaries in 27 countries around the world and 1200 correspondent banks." *Id.* at 1): J.A. 863 (Bank of China branches in the United States). And there is no basis on which to conclude that the Banks' contacts in New York are so "continuous and systematic," judged against their national and global activities, that they are "essentially at home" in that state. *Daimler*, 134 S. Ct. at 761. Thus, the district court erred in exercising general jurisdiction over the Banks.

But as in *Gucci*, the district court's exercise of jurisdiction here rested on the only recently abrogated principle that the presence of the Banks' branches in New York subjected them to general jurisdiction. Accordingly, the district court had no reason to consider, or to develop the record as to, whether it could properly assert specific jurisdiction over the Banks, or whether the Banks consented to jurisdiction by applying for authorization to conduct business in New York and designating the New York Secretary of State as their agent for service of process. *See* N.Y. Bus. Corp. Law §§ 1301(a), 1304(a)(6); N.Y. Banking Law § 200; *Bagdon v. Phila. & Reading Coal &*

5

*Iron Co.*, 217 N.Y. 432 (1916) (Cardozo, *J.*). We therefore vacate the May 23 order requiring the Banks to comply with the asset freeze injunction and remand for the district court to determine, in accordance with the principles we outline in *Gucci*, whether it may properly exercise jurisdiction over the Banks for the purpose of compelling their compliance with the asset freeze.

In the event that the district court determines that it has personal jurisdiction over the Banks, it should also consider, before exercising such jurisdiction, whether it should do so, considering principles of international comity. As we hold today in *Gucci*, before a district court may enforce an asset freeze injunction extraterritorially against a third-party foreign bank in a way that would cause the bank to violate its own domestic law, principles of comity require the court to conduct an analysis drawing upon the factors provided by § 403 of the Restatement (Third) of Foreign Relations Law, entitled "Limitations on Jurisdiction to Prescribe." As in *Gucci*, the Banks here assert a conflict between their domestic law and the asset freeze injunction. In particular, they assert that complying with the injunction and freezing the defendants' assets would violate Chinese law. Before ordering the Banks nonetheless to comply with the asset freeze, the district court failed to conduct a comity analysis with reference to the factors in § 403, relying instead on its previous comity analysis regarding the production of documents. For this additional reason we vacate and remand the district court's order.

We have reviewed Appellants' remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED in part, VACATED in part, and REMANDED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6