Submitted on brief May 31, petition dismissed June 6, 1916.

## CENTRAL OREGON IRR. CO *v*. PUBLIC SERVICE COMMISSION.

(157 Pac. 1070.)

**Courts—Jurisdiction of Supreme Court—Prohibition.**

1. Under Article VII, Section 2, of the Constitution, as amended November, 1910, to provide that the Supreme Court might take original jurisdiction in *mandamus*, *quo warranto* and *habeas corpus* proceedings, and Article VII, Section 6, of the Constitution, giving it jurisdiction only to revise the final decisions of the Circuit Courts, and Article

VII, Section 9, of the Constitution, declaring all judicial power not vested by the Constitution or laws exclusively in some other court to belong to the Circuit Courts, the Supreme Court had no jurisdiction of an original proceeding by an irrigation company to secure a prerogative writ of prohibition restraining the Public Service Commission and an association from doing anything in respect to the association's complaint before the commission.

[As to when the writ of prohibition lies, see notes in 12 **Am. Dec.** 604; 18 Am. Dec. 238; 111 Am. St. Rep. 929.

Original proceeding in Supreme Court.

In Banc.    Statement by Mr. Justice Burnett.

It seems from the petition that the Central Oregon Irrigation Company Water Users' Association has preferred a complaint of some sort to the Public Service Commission against the petitioner. This is an original proceeding in this court to secure a prerogative writ of prohibition restraining and forbidding the present respondents from doing anything in respect to the complaint before the commission.

The defendants have demurred generally to the petition before us.

Submitted on briefs under the proviso of Supreme Court Rule 18: 56 Or. 622 (117 Pac. xi).

Petition Dismissed.

For petitioner there was a brief submitted over the names of *Mr. Jesse Stearns* and *Mr. Denton G. Burdick.*

*Contra,* there was a brief submitted by *Mr. George M. Brown,* Attorney General, and *Mr. Harvey H. De Armond.*

Mr. Justice Burnett delivered the opinion of the court.

1. Section 2 of Article VII of the state Constitution, as amended by the plebiscite of November, 1910, reads thus:

"The courts, jurisdiction, and judicial system of Oregon, except so far as expressly changed by this amendment shall remain as at present constituted until otherwise provided by law. But the Supreme Court may, in its own discretion, take original jurisdiction in *mandamus, quo warranto,* and *habeas corpus* proceedings."

The function of the Supreme Court in the judicial system of the state, which was thus perpetuated until otherwise changed by future legislation, is defined and limited by Section 6 of the original Article VII of the organic law in these words:

"The Supreme Court shall have jurisdiction only to revise the final decisions of the Circuit Courts."

A further restriction is found in Section 9 of the same original article, viz.:

"All judicial power, authority, and jurisdiction not vested by this Constitution, or by laws consistent therewith, exclusively in some other court, shall belong to the Circuit Courts."

The present litigation cannot be classified under either *mandamus, quo warranto* or *habeas corpus,* which are the only instances in which this court can assume original jurisdiction, even in its discretion. In some cases, such as *Livesley* v. *Krebs Hop Co.,* 57 Or. 352 (97 Pac. 718, 107 Pac. 460, 112 Pac. 1), we have issued injunctions as ancillary measures to protect or enforce our own jurisdiction already regularly acquired; but in no instance have we ever exercised primary authority in such a case as the petitioner presents here. It is beyond our constitutional authority.

The questions presented by the petition and demurrers are interesting, but as to this court they are as

yet only academic, and as such we cannot undertake to decide them in advance of a regular appeal from a Circuit Court decision.

The petition is dismissed.          DISMISSED.

MR. JUSTICE EAKIN took no part in the consideration of this case.