Argued January 16, on motion to quash writ of *mandamus* motion denied April 2, 1929.

## STATE EX REL. HUPP MOTOR CAR CORPORA-TION *v.* JACOB KANZLER, JUDGE.

(276 Pac. 273.)

For plaintiff there was a brief over the names of *Messrs. Carey & Kerr* and *Mr. Charles A. Hart,* with an oral argument by *Mr. Hart.*

For defendant there was a brief over the name of *Messrs. Lord & Moulton,* with an oral argument by *Mr. William P. Lord.*

BROWN, J.—This is an original proceeding in *mandamus,* instituted to require the Circuit Court of Multnomah County to quash an order refusing to dismiss a cause against a foreign corporation on the ground of lack of jurisdiction.

Leon Fabre, Jr., brought an action in the Circuit Court of Multnomah County, Oregon, against Hupp Motor Car Corporation, a corporation, the relator herein. The defendant corporation filed a motion to "quash pretended service of summons and complaint" on the ground of lack of jurisdiction. The motion was denied. Hence this proceeding.

In its application for writ of *mandamus* the relator alleged, among other things, that on June 6, 1928, Leon Fabre, Jr., filed an action in the Circuit Court of the State of Oregon for Multnomah County against Hupp Motor Car Corporation, attempting to serve summons and complaint upon the Hupp Corporation by delivering a copy thereof to one Harry Hunter, which copy is attached to the application and marked Exhibit "A." On June 15th, Hupp Motor Car Corporation appeared specially to set aside the service of summons and complaint. On November 10th following, and before decision upon the motion, an amended complaint was filed in the action and an attempt made to serve summons and copy of amended complaint upon the Hupp Corporation by delivering

the same to F. D. Peabody, a resident of Detroit, Michigan, who was at that time assistant sales manager of the Hupp Corporation, "and who, at the time of such attempted service, was within the State of Oregon upon a casual visit." The amended complaint is marked Exhibit "C" attached to the application. Five days later, Hupp Motor Car Corporation appeared specially in the cause and served and filed a motion to quash the service of summons and amended complaint, and, in support of the motion, filed an affidavit of F. D. Peabody above referred to, together with supplemental affidavit of H. R. Roberts, its Pacific Coast representative. These affidavits are annexed to the application and marked Exhibit "D."

Leon Fabre, Jr., filed a counter-affidavit.

On December 26, 1928, after hearing the arguments for and against the motion, the same was denied by Honorable JACOB KANZLER, as Judge of the Circuit Court for Multnomah County, Oregon, a copy of the order being attached to the application and marked Exhibit "F."

In its application the relator avers:

"Applicant has never conducted or carried on any business of any kind within the state of Oregon, and has never had, and does not now have, any property of any kind within the state of Oregon; nor has it maintained at any time any office or agency within the state of Oregon for the purpose of soliciting or transacting any business. The facts regarding the sale of its manufactured products within the state of Oregon, and regarding its business relations with persons and corporations within the state of Oregon, and regarding the presence of any and all agents and representatives of applicant therein are as stated in said affidavits of F. D. Peabody and H. R. Roberts, copies of which are annexed hereto.

"Notwithstanding the complete lack of jurisdiction over applicant in said cause, as shown by said affidavits of F. D. Peabody and H. R. Roberts filed in support of applicant's motion to quash pretended service of summons and amended complaint, the respondent, Honorable JACOB KANZLER, as Judge of the Circuit Court for the County of Multnomah, made and signed an order denying applicant's motion to quash, and will, unless restrained by order of this court, proceed to try the alleged cause of action stated in the complaint in said action and render a personal judgment against applicant in the event that a verdict against applicant shall be rendered therein.

"Applicant represents that, on the face of the record in said cause, absolutely no jurisdiction has attached. The statements of fact contained in the affidavits of F. D. Peabody and H. R. Roberts in support of applicant's motion to quash were not contradicted by any showing of fact on behalf of plaintiff in said cause, and no issue of fact resulted upon the determination of which jurisdiction over applicant in said cause might depend. The affidavit filed by plaintiff in opposition to applicant's motion to quash was an affidavit of plaintiff himself (Exhibit "E" attached hereto), and the statements therein are in the form of averments upon information and belief and are allegations of what plaintiff charges the fact to be. No other affidavit was filed by or on behalf of plaintiff in opposition to applicant's motion to quash, and the facts stated in the affidavits of said F. D. Peabody and H. R. Roberts are uncontradicted in the record in said action.

"Applicant has no other available or adequate remedy than the issuance of a writ by this court. As applicant is advised, it has a complete defense upon the merits in said action, but applicant cannot appear in said action and make said defense except at the risk of surrendering its right as a non-resident of the state of Oregon and not doing business therein, to object to the jurisdiction of the Circuit Court of the State of Oregon to render judgment against it; and

applicant cannot refrain from appearing in said action and defending upon the merits without incurring the risk of a judgment against it upon a cause of action which, as applicant believes, is without basis in law.

"Wherefore, applicant prays that an order be made and issued by this Honorable Court, directed to the Honorable JACOB KANZLER, as Judge of the Circuit Court of the State of Oregon for the County of Multnomah, directing the said JACOB KANZLER, as Judge of said Circuit Court, to show cause why a writ of *mandamus* should not issue, commanding the said Judge to vacate the order dated and entered December 2, 1928, in the action entitled 'Leon Fabre, Jr., *v.* Hupp Motor Car Corporation, a Corporation, Defendant,' denying defendant's motion to quash pretended service of summons and amended complaint, and directing said judge to allow said motion and to make and enter an order in said cause quashing the pretended service of summons and amended complaint therein; and directing said JACOB KANZLER, as Judge of said Circuit Court, to show cause why, in the alternative, a writ of prohibition should not issue forbidding said judge and the said Circuit Court from taking jurisdiction over said Hupp Motor Car Corporation, a corporation, in said action * * upon the record made therein; and, further, to show cause why applicant should not have such other and further relief in the premises as may be just and meet; and applicant further prays that said writs may issue accordingly."

Briefly summarized, the affidavit of Peabody in support of the motion to quash states that he resides in Detroit, Michigan, and is assistant sales manager of Hupp Motor Car Corporation, a Virginia corporation with principal place of business at Detroit; that the corporation has not undertaken to comply with the laws of the State of Oregon under which foreign corporations are permitted to do business

herein; that the corporation "has never conducted or carried on any business of any kind within the State of Oregon, and has never had, and does not now have, any property of any kind within this state." He swears that the Hupp Corporation has never maintained at any time any office or agency within the State of Oregon for the purpose of doing business therein. He explains the business relationship that has existed between the Hupp Motor Car Corporation and the Tarola Motor Car Company. He swears that at no time did the Hupp Corporation constitute the Tarola Company an agent for the sale or handling of any of its property, "but each and all of the automobiles and parts manufactured by the Hupp Company and shipped to points within the state of Oregon were sold outright to the distributor, and no right, title or interest therein was reserved or retained by the Hupp Company." Affiant states that a traveling representative of the Hupp Corporation from time to time visits distributors in Oregon and elsewhere where it has contracts for the sale and distribution of automobiles and parts to be resold in the ordinary course of business, but that the "traveling representative does not undertake and never has undertaken to enter into any contracts * * of any kind on behalf of the Hupp Company within the state of Oregon," and that neither he nor any other representative of the Corporation has made or undertaken to make any agreement with plaintiff in the action hereinbefore referred to. He concludes his affidavit by stating that he came to Portland a few days prior to November 10, 1928, for the purpose of negotiating the terms of a new contract to be executed at the offices of the Hupp Corporation in Michigan for the sale of its products at Portland, Oregon; that his

visit was a casual one for the purpose just stated, and not for the purpose of entering into contracts, or managing, or selling or disposing of any property of the Hupp Corporation within the State of Oregon, and that, while here under the circumstances related above, he was, on the date last above mentioned, served with a copy of summons and amended complaint in the case above referred to.

A similar affidavit by H. R. Roberts was made and filed in support of defendant's motion to quash. This affiant says that he is a resident of Portland, Oregon, and, for a number of years last past, has been the Pacific Coast representative of the Hupp Corporation; that the Hupp Corporation has never conducted or carried on business of any kind within the State of Oregon, and has never maintained at any time any office or agency within this state for the purpose of transacting business. He says:

"During the times referred to in the complaint in the above entitled action and up to November 10, 1928, automobiles manufactured by Hupp Motor Car Corporation and parts therefor were sold throughout the state of Oregon by Tarola Motor Car Company, a corporation, hereinafter referred to as the Tarola Company, under the terms of a contract in writing. Annexed hereto, marked Exhibit 'A,' and made a part of this affidavit, is a true and correct copy of the form of contract in effect until November 10, 1928, between the Hupp Motor Car Corporation and the said Tarola Company. Under the terms of said contract the Hupp Motor Car Corporation sold and delivered to said Tarola Company, as a distributor, automobiles and parts therefor manufactured by the Hupp Motor Car Corporation, which automobiles and parts the Tarola Company thereafter sold in the regular course of business. The Hupp Motor Car Corporation has never sold any of its products within the state of Oregon, but, on the contrary, has

marketed its products only through a single distributor within the state of Oregon under the terms of a contract similar to the form of contract hereto annexed marked Exhibit 'A.'

"During the times referred to in the complaint, the said Tarola Company, under the terms of the contract hereinabove referred to, had the exclusive right in the state of Oregon to purchase at wholesale for the purpose of reselling in the state of Oregon automobiles and parts therefor manufactured by the Hupp Motor Car Corporation. The Hupp Motor Car Corporation had no other contracts for the sale and distribution of its products with any other person, firm or corporation within the state of Oregon."

The next paragraph relates to the duties of affiant as district manager for the Hupp Motor Car Corporation, his territory including the States of Oregon, Washington, California, Nevada and the Province of British Columbia, as well as parts of Idaho, Montana and Arizona. He swears that he maintains no office in Portland or elsewhere in Oregon. He concludes his affidavit by stating that he has never exercised within the State of Oregon any functions of allocating cars manufactured by the Hupp Motor Car Corporation; that that corporation has never had more than one contract for the sale of its cars in Oregon, and that it has nothing to do with the distribution of cars within this state.

The plaintiff, Leon Fabre, Jr., in an attempt to make a showing in opposition to the defendant's motion to quash, says:

"I, Leon Fabre, Jr., being first duly sworn, on oath say:

"I am the plaintiff in the above entitled cause; that the averments herein made are made upon information and belief, and are derived from what plaintiff understands is the method under which de-

fendant and other automobile manufacturers operate their business; and the facts concerning the same are peculiarly within the knowledge of the defendant."

However, there is little, if any, showing made by the plaintiff in opposition to the defendant's motion. His affidavit lends but little assistance to a determination of the question as to whether or not the defendant was actually engaged in doing business within the State of Oregon at the time of the attempted service. He is careful to state that the averments made "upon information and belief," and that "the facts concerning the same are peculiarly within the knowledge of the defendant." No doubt this statement is true.

Section 2–b of Article VII of our Constitution provides:

"The Supreme Court may, in its own discretion, take original jurisdiction in *mandamus, quo warranto* and *habeas corpus* proceedings."

Section 6 of the same article says:

"The Supreme Court shall have jurisdiction only to revise the final decisions of the circuit courts."

See, also, *Central Oregon Irr. Co.* v. *Public Service Commission,* 80 Or. 607 (157 Pac. 1070).

A writ of *mandamus* shall not control judicial discretion. Its purpose is "to compel the performance of an act which the law specially enjoins, as a duty resulting from an office, trust, or station": Or. L. § 613.

In the case of *State ex rel. Sullivan* v. *Tazwell,* 123 Or. 326 (262 Pac. 220), this court, speaking through Mr. Justice Coshow, said:

"A circuit court judge is an officer subject to *mandamus* within the purview of Section 613, Or. L.: *Johnson* v. *Tucker,* 85 Or. 646 (167 Pac. 787); *State ex rel.*

v. *Bradshaw,* 59 Or. 279 (117 Pac. 284); *Che Gong* v. *Stearns,* 16 Or. 219, 223 (17 Pac. 871)."

The Circuit Court cannot assume jurisdiction of a person against his will where no jurisdiction exists. Nor can the state by statutory enactment or judicial decision extend the jurisdiction of its courts over foreign corporations not doing business within the state. In truth, the state has made no attempt to assume jurisdiction over foreign corporations not engaged in business within the confines of Oregon. Section 528, Or. L., reads:

"No corporation is subject to the jurisdiction of a court of this state, unless it appears in the court, or have been created by or under the laws of this state, or have an agency established therein for the transaction of some portion of its business, or have an agency established therein for the purpose of soliciting some portion of its business to be transacted in this state or elsewhere, or have property in this state; and in the last case only to the extent of such property at the time the jurisdiction attached."

■ The question then is this: Was the defendant, Hupp Motor Car Corporation, at the time of the summons involved in this proceeding, doing business within the State of Oregon in such a sense and in such a degree as to render it subject to the jurisdiction of the court of the State of Oregon within the meaning of Section 528, Oregon Laws?

The case of *Aldrich* v. *Anchor Coal & Development. Co.,* 24 Or. 32 (32 Pac. 75, 41 Am. St. Rep. 831), is directly in point. In that case the court held that service of summons within this state on an officer of a foreign corporation who happens to be "casually here," does not confer upon the Oregon courts jurisdiction over such corporation, and that making a con-

tract in Oregon to be performed elsewhere, and negotiating in this state a sale of its corporate property, is not transacting corporate business within the meaning of the statute.

The case of *Holzer* v. *Dodge Bros.*, 233 N. Y. 216 (135 N. E. 268), presents facts very similar to the facts in the instant case; and, in its disposition of the case, the court said:

"The corporation is domiciled at Detroit, Michigan, where it has its principal office and manufactures and sells its automobiles. That is its distributing point. It sells the product of its manufacture by wholesale at that place, and not elsewhere. The sales are under contracts made at Detroit, with dealers located in different localities. The dealers are not its agents. They purchase the cars and pay for them at Detroit, and, if such payment is not there made, then the cars are shipped with a bill of lading and draft attached. When the draft is paid, the cars are delivered, and, whether the purchase price is paid at Detroit or at destination, title passes to the purchaser. After payment, defendant has no interest in or control over the cars in any way. Each dealer, at his own expense, maintains salesrooms for the purpose of exhibiting and selling cars and accessories. The United States is divided into districts, in each of which there is a salesman. One of the districts comprises the eastern portion of New York, a part of Connecticut, and a part of New Jersey. In each district the defendant has what is termed a 'district representative,' whose duty it is to look after the interest of defendant in that locality and report to it from time to time. A district representative has no power to enter into contracts on behalf of the defendant, to sell cars, or to collect the purchase price of the cars sold. * *

"The extent to which a corporation must do business in the state to justify the service of process upon its representative is not clearly defined; but, under

all of the authorities to which my attention has been called, it must be some substantial part of its main business. Nothing short of this will justify such service. *Tauza* v. *Susquehanna Coal Co.*, 220 N. Y. 259 (115 N. E. 915); *Pomeroy* v. *Hocking Valley R. Co.*, 218 N. Y. 530 (113 N. E. 504); *Bagdon* v. *Philadelphia & Reading Coal & Iron Co.*, 217 N. Y. 432 (111 N. E. 1075, L. R. A. 1916F, 407, Ann. Cas. 1918A, 389); *People's Tobacco Co.* v. *American Tobacco Co.*, 246 U. S. 79 (38 Sup. Ct. 233, 62 L. Ed. 587, Ann. Cas. 1918C, 537); *Bethlehem Motors Corporation* v. *Flynt*, 256 U. S. 421 (41 Sup. Ct. 571, 65 L. Ed. 1029); *Cody Motors Co.* v. *Warren Motor Car Co.* (D. C.), 196 Fed. 254.''

See, also, *Deardorf* v. *Idaho National Harvester Co.*, 90 Or. 425 (177 Pac. 33), and the authorities noted; *Winslow Lbr. Co.* v. *Edward Hines Lbr. Co.*, 125 Or. 63 (261 Pac. 248), and decisions there cited; *International Harvester Co.* v. *Commonwealth of Kentucky*, 234 U. S. 579 (58 L. Ed. 1479, 34 Sup. Ct. Rep. 944, 30 A. L. R. 255, 46 A. L. R. 583).

There is no dispute concerning the facts in this case. The Circuit Judge is not called upon to exercise judicial discretion. As evidenced by the record, the Hupp Motor Car Corporation, defendant, is a manufacturer of motor-cars which are sold in this state and elsewhere by dealers or distributors with whom the defendant contracts at its domicile in Detroit, Michigan. All cars sold by the Hupp Corporation are sold f. o. b. factory for cash, or upon drafts attached to bills of lading. The affidavits in support of the motion to quash the attempted service of process in the cause pending in the Circuit Court show that the distributors of Hupp motor-cars are not agents, but are retailers, for specified territory, of cars purchased at wholesale from the manufacturer. The defendant corporation made no contract

with Leon Fabre, Jr., and had no negotiations with him. The transaction described in his complaint consisted of the purchase by him of a motor-car from Tarola Motor Car Company, distributor for this district; and his dealings with reference to this transaction were had with Tarola Motor Car Company. We think the record clearly shows that the relator, the defendant in the action prosecuted by Fabre, is a Virginia corporation, with principal place of business at Detroit, Michigan; that the relator never conducted or carried on business within the State of Oregon; that it does not now possess, nor has it ever possessed, property within this state; finally, that it has never qualified to do business in Oregon, nor has it maintained at any time an office or agency within the state for the purpose of soliciting or transacting business.

Now, adverting to applicant's right to a writ of *mandamus* under the provisions of Section 613, Or. L.:

■ While *mandamus* will not lie where there is a plain, speedy and adequate remedy in the ordinary course of the law, yet such remedy must be "adequate" to afford any and all relief to which the relator is entitled: *State ex rel. Pierce* v. *Slusher,* 117 Or. 498 (244 Pac. 540), and cases there cited.

The applicant in this case is entitled to a writ of *mandamus* requiring the Honorable JACOB KANZLER, as judge of the Circuit Court of the State of Oregon for the County of Multnomah, to vacate that certain order made and entered by him as such judge on December 26, 1928, in an action entitled "Leon Fabre, Jr., plaintiff, against Hupp Motor Car Corporation, defendant," denying defendant's motion to quash service of summons and amended complaint.

The motion to quash the writ of *mandamus* hereinbefore allowed, and to dismiss the proceedings herein, is overruled, without costs to either party.

MOTION TO QUASH. WRIT OF MANDAMUS OVERRULED.