**Thomas G. HIGGINS**

v.

**CALIFORNIA TANKER CO.**

**No. 299.**

United States District Court
E. D. Pennsylvania.

Dec. 31, 1957.

Milton M. Borowsky, Philadelphia, Pa., for plaintiff.

Harrison G. Kildare, Philadelphia, Pa., for defendant.

VAN DUSEN, District Judge.

See Memorandum Opinion filed this date in Higgins v. California Tanker Co., D.C., 166 F.Supp. 569.

The case of Thompson v. Trent Maritime Co., Ltd., D.C.E.D.Pa., 149 F.Supp. 468, 1957 A.M.C. 781 (with which the hearing judge agrees), is substantially different on these facts, among others:

A. The libellant brought suit for injuries occurring while unloading the defendant's ship which was moored to a dock in this jurisdiction, whereas the injuries involved in this proceeding took place on the high seas.

B. The libellant in that case was a citizen and resident of this state, whereas the record in this case shows no connection whatever between this libellant and this jurisdiction.

C. The libel in that case alleged that the steamship on which the accident took place "is now or will be within the Eastern District of Pennsylvania and within the jurisdiction of this Honorable Court during the pendency of these proceedings," and named such steamship as a respondent *in rem*, whereas no such allegation appears in this libel, which names a single corporate respondent.

D. The record in that case does not show that libellant could obtain service on respondent at any other place in this country,[1] whereas this record shows that this respondent has a place of business in a contiguous jurisdiction (District of New Jersey) and even within 100 miles of our Court House.

The hearing judge believes it is more orderly for libellant to proceed by writ of foreign attachment, if he cares to do so, rather than to permit this action to continue. See Brown v. C. D. Mallory & Co., 3 Cir., 1941, 122 F.2d 98, 101, and other authorities in libellant's letter of 11/5/57 attached to this order. If libellant wishes to make service upon the master of one of respondent's vessels when in this jurisdiction, he can institute another action for this purpose. See 28 U.S.C.A. § 1916, permitting the institution of such an action without prepayment of costs.

See, also, 166 F.Supp. 568.

1. The opinion in the Thompson case, supra, pointed out " * * * the burden which faces the libellant to bring an action where respondent can be served properly." (at page 470 of 149 F.Supp., at page 783 of 1957 A.M.C.)