Jerome Lee HIERSCHE, Plaintiff,

v.

The SEAMLESS RUBBER CO., a corporation, and Rexall Drug and Chemical Co., a Delaware corporation, Defendants.

Civ. No. 63–219.

United States District Court
D. Oregon.

Nov. 21, 1963.

Charles Paulson, of Peterson, Lent & Paulson, Portland, Or., for plaintiff.

Kenneth E. Roberts, of Mautz, Souther, Spaulding, Kinsey & Williamson, Portland, Or., for defendants.

KILKENNY, District Judge.

Defendant, Seamless, a corporation organized and existing under the laws of the State of Connecticut has moved to quash the service, on the Corporation Commissioner of the State of Oregon, of the process issued in this cause.

To resolve the question, the Court must: (1) inquire into the nature of the business, if any, transacted in Oregon by the defendant, Seamless, and (2) inquire into and construe the provisions of Chapter 352, Oregon Laws, 1963.

The evidence presented supports the following findings:

1. Seamless is engaged in the manufacture of a Speargun known as NEMROD PNEUMATIC SPEARGUN.

2. Shortly prior to July 25, 1962, the plaintiff's employer purchased, from one Noel, a salesman of Seamless, a number of the spearguns for resale to the general public.

3. The employee Noel, in performing his duties as salesman and agent of Seamless, made regular calls upon plaintiff's employer in Oregon. At such times, the salesman carried samples of Seamless' products, took orders for the products, displayed samples and distributed price lists and sales literature of said defendant in Oregon. The orders taken were subject to credit risk approval by Seamless in Connecticut.

4. Between July 12, 1961, and July 17, 1962, Seamless shipped eight orders of the spearguns, so procured by Noel, to plaintiff's employer. These orders were received by said defendant's San Francisco representative and shipments were made from its warehouse in San Francisco. The merchandise covered by all eight orders was sold on open account. Noel made regular calls on other customers of Seamless in the State of Oregon during such period of time and took orders on the same basis.

5. The plaintiff, in July, 1962, while demonstrating one of Seamless' spearguns was injured when the gun exploded.

6. Subsequently, plaintiff commenced this action to recover for the personal injuries sustained. The action is grounded on two theories: (1) breach of warranty, and (2) a tortious act. Jurisdiction is based on diversity.

Process was served on the defendant pursuant to the provisions of ORS 57.700.[1]

## TRANSACTION OF BUSINESS

There is a distinction between "doing business", as that phrase is used in International Shoe Co. v. State of Washing-

---

1. " * * * the Corporation Commissioner shall be an agent of such corporation upon whom any such process, notice or demand may be served * * *" (Such corporation) "is * * * (a) a foreign corporation authorized to transact business in this state * * *" and/or

" * * * the provisions of this subsection shall also apply to service of process upon any foreign corporation which transacts business in this state without being authorized as provided in this chapter * * *." (Emphasis supplied)

ton, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95; McGee v. International Life Insurance Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223, and Enco, Inc. v. F. C. Russell Co., 210 Or. 324, 311 P.2d 737, and the phrase "transact business" as used in ORS 57.700. Bohemia Lumber Company v. The Eimco Corporation (D.C. Or.1963) 223 F.Supp. 178; Enco, Inc. v. F. C. Russell Co., supra.

■ State ex rel. Hupp Motor Car Corporation v. Kanzler, 129 Or. 85, 276 P. 273 (1929), at first glance, would seem to be identical with the factual background here presented. To be noticed, however, is the fact that the agent in that case made no attempt to take orders of any kind on behalf of his principal. Furthermore, the Kanzler case was decided many years before the more liberal view, on the subject, was expressed in Enco, Inc. v. F. C. Russell Co., supra, and the now famous International Shoe case. On the facts, as I have here found them, I can arrive at no conclusion other than that Seamless was "transacting" business in Oregon to such an extent that it would not be offensive to historic notions of fair play, for the Court to assume juris-diction. Moore-McCormack Lines, Inc. v. Bunge Corporation, 307 F.2d 910 (4 Cir. 1962).

### 1963 LEGISLATION

Aside from my conclusions just announced, I am of the opinion that the service of process is sufficient under the provisions of Chapter 352, Oregon Laws, 1963.[2]

■ Manifestly, this statute anticipates the service of process on a corporation which is involved in the commission of a tortious act within the state. Seamless is charged, in the complaint, with the commission of such an Act. Section (2) of the Act, requiring service of process in the manner provided in ORS 15.110, is modified by Section (4), which permits the service in any manner provided by law. We must assume that the Legislature was familiar with the fact that jurisdiction over a foreign corporation might be obtained by serving the Corporation Commissioner and that this Act, and in particular Section (4) was enacted having that very type of service in mind.

2. "AN ACT
"Relating to service of summons against persons committing certain acts within this state, subjecting such persons to the jurisdiction of the courts of this state, and providing a procedure for such service.
*Be It Enacted by the People of the State of Oregon*:
"Section 1. (1) Any person, firm or corporation whether or not a citizen or a resident of this state, who, in person or through an agent, does any of the actions enumerated in this subsection thereby submits such person and, if an individual, his personal representative to the jurisdiction of the courts of this state, as to any cause of action or suit or proceeding arising from any of the following:
"(a) The transaction of any business within this state;
"(b) The commission of a tortious act within this state;
"(c) The ownership, use or possession of any real estate situated in this state;

"(d) Contracting to insure any person, property or risk located within this state at the time of contracting.
"(2) Service of summons on any person who is subject to the jurisdiction of the courts of this state, as provided in this section, may be made by personally serving the summons and copy of the complaint, upon the defendant outside this state, in the manner provided in ORS 15.110. Such service shall have the same force and effect as though summons had been personally served within this state.
"(3) Only causes of action or suit or proceedings arising from acts enumerated in this section may be asserted against a defendant in an action or suit or proceeding in which jurisdiction over such defendant is based upon this section.
"(4) Nothing contained in this section limits or affects the right to serve any person in any other manner now or hereafter provided by law.
"Approved by the Governor May 21, 1963.
"Filed in the office of Secretary of State May 21, 1963."

The defendant calls attention to the fact that the incident before the Court occurred in 1962, and that it would be necessary to give retroactive application to the legislation in order to consider the Act.

An analysis of the legislative history of the Act discloses that it was taken verbatim from § 17 of the Civil Practice Act of the State of Illinois (Ill.Rev.Stat. 1955, Chap. 110, §§ 16–17).

The Illinois Supreme Court, in 1955, construed the provisions of the Act, and its retroactive effect on existing claims. It was there held that no right is vested in any particular remedy or method of procedure, and that, while, in general, statutes will not be construed to give an affect which might be retroactive, unless it clearly appears that such was the legislative intent, nevertheless, when a change of law merely affects the remedy or law of procedure, all rights of action are enforceable under the new procedure, without regard to whether they accrued before, or after, such change, and, without reference to whether the litigation was instituted before, or after, the change. Nelson v. Miller, 11 Ill.2d 378, 143 N.E.2d 673, 676. Oregon is committed to the same rule. Spicer v. Benefit Association of Ry. Employees, 142 Or. 574, 17 P.2d 1107, 21 P.2d 187, 90 A.L.R. 517. The 14th Amendment to the Constitution of the United States is not offended by such legislation. Nelson v. Miller, supra; Bluff Creek Oil Company v. Green, 257 F.2d 83 (5 Cir. 1958); Stanga v. McCormick Shipping Corporation, 268 F.2d 544 (5 Cir. 1959).

Aside from the charge of a tortious invasion of the plaintiff's rights, it would seem that under this type of legislation only a minimum contact is required in order to "transact" business, within the meaning of § 1(1) (a) of the Act.

Green v. Bluff Creek Oil Co., 287 F.2d 66, 67 (5 Cir. 1961). This was the second appeal of the Green case.

The Illinois Supreme Court has applied the legislation to a foreign corporation, the manufacturer of a water heater which exploded causing the injury of another. Gray v. American Radiator & Standard Sanitary Corporation, 22 Ill. 2d 432, 176 N.E.2d 761 (1961).

The Illinois decisions, to which reference is made, were before the Oregon Legislature at the time it embraced Chapter 352. The selection and enactment of a statute which has been judicially construed is an adoption of that construction, unless a contrary intent clearly appears. Overland v. Jackson, 128 Or. 455, 275 P. 21; The Devonshire (C. C.D.Or.1882), 13 F. 39; Shapiro v. United States, 335 U.S. 1, 68 S.Ct. 1375, 92 L.Ed. 1787 (1948). The same rule is applicable to the adoption of the wording of a statute of another state. Yates v. United States, 354 U.S. 298, 77 S.Ct. 1064, 1 L.Ed.2d 1356; Palakiko v. Harper, 209 F.2d 75 (9 Cir. 1954) cert. den. 347 U.S. 956, 74 S.Ct. 683, 98 L.Ed. 1101, re-hearing denied 347 U.S. 979, 74 S.Ct. 789, 98 L.Ed. 1118; Peer v. Claremont (D.C.Or.1960), 188 F.Supp. 641; National Surety Corp. v. Smith, 168 Or. 265, 324, 114 P.2d 118, 123 P.2d 203, 204.

The interpretation placed upon the law of another state by courts of that state, prior to adoption of such a law by the Oregon Legislature, governs the construction to be placed on it in Oregon. Fleischhauer v. Bilstad (Or.1963), 379 P. 2d 880; School District No. 1 v. A. G. Rushlight & Co., 232 Or. 341, 375 P.2d 411.

The Court has jurisdiction over the defendant, Seamless. The Motion to Quash must be denied.

It is so ordered.