**UNITED MEDICAL LABORATORIES,**
**INC., an Oregon corporation,**
**Plaintiff,**

v.

**COLUMBIA BROADCASTING SYSTEM,**
**INC., a New York corporation, Walter**
**Cronkite, Jay McMullen, Morris Schaef-**
**fer, and Victor Buhler, Defendants.**

Civ. No. 65–318.

United States District Court
D. Oregon.

June 16, 1966.

Roland F. Banks, Jr., Mautz, Souther, Spaulding, Kinsey & Williamson, Portland, Or., for plaintiff.

Manley B. Strayer, Davies, Biggs, Strayer, Stoel & Boley, Portland, Or., for defendants.

## ORDER STAYING PROCEEDINGS

KILKENNY, District Judge.

For decision is whether this Court has acquired jurisdiction of defendants by reason of the service of process outside of the state of Oregon, under the provisions of ORS 14.035.[1] Involved is a substantial claim for defamation by plaintiff against the defendants, allegedly published by means of radio, television and the press. Involved on the motion to quash the service of process, are serious and far reaching questions of state law, the answers to which are on the shadowy side. Plaintiff urges jurisdiction on two theories: (a) the transaction of business, by defendants, in the state of Oregon, and, (b) the commission of a tortious act, by defendants, within the state.

On the "tortious act" claim, the court's attention is directed to Winrod v. Time, Inc., 334 Ill.App. 59, 78 N.E.2d 708 (1948); Insull v. New York World Telegram Corp., 273 F.2d 166 (7th Cir. 1959), cert. denied 362 U.S. 942, 80 S.Ct. 807, 4

1. Oregon Revised Statutes.

L.Ed.2d 770 (1960); Hartmann v. Time, Inc., 166 F.2d 127, 1 A.L.R.2d 370 (3rd Cir. 1958), cert. denied 334 U.S. 838, 68 S.Ct. 1495, 92 L.Ed. 1763 (1948). The *Insull* case was decided after the enactment of the Illinois "long-arm" statute, the legislation from which the Oregon statute was taken. Hiersche v. Seamless Rubber Co., 225 F.Supp. 682 (D.Or.1963). The decisions do not reach the same result. Whether the Oregon courts, would follow the rule stated in any one or more of the cases, or adopt a rule of its own, is not clear.

On the "transaction of business" theory, plaintiff argues that the defendants had sufficient business contacts in the state of Oregon, to fall within the statute, and cites numerous decisions of this court, including Rosenlund v. Transnational Ins. Co., 237 F.Supp. 599 (D.Or. 1964); Hiersche v. Seamless Rubber Co., supra, and authorities from other jurisdictions, including the United States Supreme Court. The defendants take the position that they were not transacting business in the state, but were acting through an independent contractor and cite, among other authorities, Trippe Mfg. Co. v. Spencer Gifts, Inc., 270 F.2d 821 (7th Cir. 1959); Grobark v. Addo Machine Co., 18 Ill.App.2d 10, 151 N.E.2d 425, aff'd 16 Ill.2d 426, 158 N.E.2d 73 (1959). The Oregon courts might not care to follow either one of these theories, or might adopt one or the other.

Presently, I am inclined toward jurisdiction on each of plaintiff's theories, and I would deny the motion to quash. However, as above stated, the principles involved are of such importance that they should be settled by the Oregon Supreme Court.

Therefore, on the authority of Delaney v. Gladden, 237 F.Supp. 1010 (D.Or. 1965); Blair v. People of State of California, 340 F.2d 741 (9th Cir. 1965); Louisiana Power & Light Co. v. City of Thibodaux, 360 U.S. 25, 79 S.Ct. 1070, 3 L.Ed.2d 1058 (1959); United Gas Pipe Line Co. v. Ideal Cement Co., 369 U.S. 134, 82 S.Ct. 676, 7 L.Ed.2d 623 (1962), and Harman v. Forssenius, 380 U.S. 528, 85 S.Ct. 1177, 14 L.Ed.2d 50 (1965), the proceedings in this cause are stayed for a period of two weeks to afford the defendants a reasonable opportunity to apply to the Oregon courts for a determination of the legality of the service of process in this cause, under the Oregon Declaratory Judgments Act.[2] If defendants fail to seek such a determination in the Oregon courts within said period of time, plaintiff should so advise the court and appropriate action will be taken. If, within said period of time, defendants institute the indicated proceeding and proceed to prosecute the same to a final conclusion, the action here pending shall be stayed during such period of time.

Although the decision of a circuit court of the state of Oregon would be persuasive, the authorities seem to say it would not be controlling. Therefore, the parties should attempt to obtain a decision on the subject from the Supreme Court of the state.

If, by chance, the Oregon court prefers not to exercise its discretion and entertain jurisdiction under the indicated legislation, or otherwise, this fact may be brought to the attention of this court by a proper showing.

For the convenience of counsel, and, in order to expedite the proceedings in the state court, all material filed in this court in connection with the motion to quash, including the entire original file, if necessary, may be removed and temporarily used in the state court proceedings.

## SUPPLEMENTAL OPINION AND ORDER

Except as to defendants Schaeffer and Buhler, I find no reason to change the tentative conclusions reached in my order of December 17, 1965, staying the proceedings in this cause.

Defendants call the Court's attention to the recent decision, Rosenblatt v. American Cyanamid Co., 86 S.Ct. 1, 15 L.Ed.2d 39 (1965). They point to cer-

2. 28.010 et seq.

tain language in that decision,[1] and argue that such language discloses a lack of jurisdiction in this cause, either over the corporation or the individual defendants. This Court has held that Gray v. American Radiator & Std. Sanitary Corp., 22 Ill.2d 432, 176 N.E.2d 761 (1961), controls the construction of the Oregon "long-arm" statute.[2] Cited, by Judge Goldberg, in support of the language on which defendants rely, are Erlanger Mills, Inc. v. Cohoes Fibre Mills, Inc., 239 F.2d 502 (4th Cir. 1956), Hellriegel v. Sears, Roebuck & Co., 157 F.Supp. 718 (N.D.Ill.1957) and Mann v. Equitable Gas Co., 209 F.Supp. 571 (N.D.W.Va. 1962). The Illinois court in *Gray*, recognized, but did not follow, the *Erlanger & Hellriegel* decisions. Clearly, the *Gray* case overrides the legal philosophy expressed in *Erlanger*. The same must be said of *Hellriegel*. The *Mann* decision is patently inconsistent with *Gray*.

Insofar as *Rosenblatt* requires that "the defendant must have taken voluntary action calculated to have an effect in the forum state", I previously held that defendant Columbia Broadcasting System, Inc. clearly invoked the benefits and the protection of the Oregon law and thus took voluntary action "calculated to have an effect" in this state. The same can be said of both the corporation's general operations, and its actions in connection with the particular broadcast series.

Turning now to the claim of the individual defendants Cronkite and Mc-Mullen. On the record before me, it is obvious that the productions, of which the plaintiff complains, were essentially the products of these two gentlemen. Without doubt, they knew that the particular material would be broadcast in the state of Oregon. This being the fact, their activities were "voluntary" and "purposeful" in causing the broadcast of such material. Such a finding meets the requirements of Gray and of Hanson v.

Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958).

 The defendants Schaeffer and Buhler had no part in the production. The inclusion, or exclusion, of their remarks in the broadcasts of the program was solely within the discretion of the CBS personnel. Of course, under the circumstances, such defendants would not know the context in which their remarks, if any, might be used in a broadcast.

The motion to quash the service of process on the defendants, other than Schaeffer and Buhler, is denied. As to the latter the motion is allowed.

It is so allowed.

---

1. " * * * The few cases which have questioned the application of 'long arm' statutes in particular situations have differed from this one in two important respects: *the foreign defendant was never physically present in the forum State, and the tortious act there was unintentional.*" (Emphasis supplied.)

2. Hiersche v. Seamless Rubber Co., 225 F.Supp. 682 (D.Or.1963).