James C. **STEWART,** Plaintiff,

v.

**ALLIED CONSTRUCTION AND ENGINEERING COMPANY, a corporation; Shell Oil Company, a corporation, and Western Boat Operators, Inc., a corporation,** Defendants.

**Civ. No. 67–38.**

United States District Court
D. Oregon.

Jan. 16, 1968.

Edwin A. York, Lent, York & Paulson, Portland, Or., for plaintiff.

Eugene D. Cox, Gray, Fredrickson & Heath, Portland, Or., for Allied Construction and Engineering Company.

Robert B. Duncan, Krause, Lindsay & Nahstoll, Portland, Or., for Shell Oil Company and Western Boat Operators, Inc.

## OPINION AND ORDER

KILKENNY, District Judge:

Presented for determination is the motion of defendant Western Boat Operators, Inc. (Western), under Rule 12(d), F.R.Civ.P., asking the Court to determine the issue of whether plaintiff has obtained *in personam* jurisdiction over the defendant by reason of its activities in the State of Oregon.

The complaint states a Jones' Act claim against the defendants. The parties are here by reason of a claimed diversity of citizenship.

Western is a Texas corporation with its principal place of business in California. It is not registered to do business in Oregon. Plaintiff sustained his injuries some fourteen miles off the Oregon coast while working aboard Western's vessel, the CAL-TIDE. He was employed by defendant Allied Construction and Engineering Company. Western operated the CAL-TIDE and another vessel off the Oregon coast for a period of time from October 4, 1965, to October 16, 1966. Plaintiff was injured on September 8th. Defendant concedes that it had sufficient ties with the State of Oregon to give the Court jurisdiction *in personam* during the period it was operating in and out of the Oregon ports during the period in question. It challenges jurisdiction after it terminated its activities in that state on October 18th. Service of process was made after that date on the Corporation Commissioner of the State of Oregon under the provisions of ORS 57.700. The Oregon statute specifically provides that the Corporation Commissioner shall act as agent for a corporation when it transacts business within a state. Obviously, one of the primary purposes of a statute such as ORS 57.700 is to require one who has transacted business in Oregon to consent to jurisdiction within a reasonable time after he has departed, on transactions which were occurring within the operating period.

This Court has given the statute a liberal construction. Bohemia Lbr. Co. v. Eimco Corp., 223 F.Supp. 178(D.Or. 1963), Hiersche v. Seamless Rubber Co., 225 F.Supp. 682 (D.Or.1963). Defendants' citations are not germane. In Wingert v. Navarie Aznar, S.A. Bilbao, 196 F.Supp. 585 (D.Or.1961), the vessel, in question, had only two contacts, widely separated, with the State of Oregon. Rutter v. Louis Dreyfus Corp., 181 F. Supp. 531 (E.D.Pa.1960), construed an entirely different type of statute, while

Higgins v. California Tanker Co., 166 F.Supp. 568, 569 (E.D.Pa.1957) and Andrade v. American Mail Lines, 71 F. Supp. 201 (D.R.I.1947), have no application to the facts involved in this case. True enough, the Court in the *Higgins* case stated that an out of state service against a corporation not personally present in the jurisdiction at the time of service was ineffective. There, the service of process was made on a steamship agent who was not authorized to accept service of process. A similar issue was involved in *Andrade*. Here, the statute authorized the service.

 Here, the CAL–TIDE was operating in and out of Oregon for over one year. All of the preparations for the undertaking took place in Oregon and plaintiff was there hired and first boarded the vessel in that state. Without question, defendant established sufficient contacts to be viewed as transacting business within the state. International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), and progeny. Here, I find no constitutional problems such as were presented in Taylor v. Portland Paramount Corporation, 383 F.2d 634 (9th Cir. 1967).

The fact that the casualty occurred on the high seas is of no importance. Except to the extent that they are inconsistent with the Supplemental Rules for certain Admiralty and Maritime Claims, the general rules of Civil Procedure for the United States District Court are made applicable to admiralty and maritime cases by Rule A of such Supplemental Rules.

 Rule 4(d) (3), F.R.Civ.P., authorizes the service of process on the agent of a foreign corporation authorized by law to receive service. Subdivision (7) of the same rule permits the service of process in the manner prescribed by the law of the state in which the District Court is held. Subdivision (f) of the same rule permits the service anywhere within the territorial limits of the state, or beyond the territorial limits when au-

thorized by the rules. Consequently, there being no Supplemental Rule inconsistent with the foregoing Rules of Civil Procedure, a claim that process *in personam* is not effective beyond the territorial limits of the State of Oregon, is without merit. The only limitation on service of process in the Supplemental Rules is contained in Rule E(3) (a). This limitation concerns itself only with process *in rem*. Western's challenge to the jurisdiction of the Court is without substance.

It is so ordered.